**Martha PALACIOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–04–00261–CR.**

Court of Appeals of Texas, El Paso.

Oct. 20, 2005.

Rehearing Overruled Nov. 16, 2005.

Discretionary Review Refused April 5, 2006.

Justo Fernandez–Gonzalez, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for the State.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Appellant Martha Palacios was charged by indictment with six counts of injury to a child. A jury found her guilty of counts I, III, and IV and assessed punishment at 10 years' imprisonment, and a fine of $10,000, probated to 10 years' of community supervision. In her sole issue, Appellant challenges the trial court's denial of her motion to dismiss the prosecution for lack of speedy trial. Though troubled by the process, we ultimately find no violation of Appellant's right to a speedy trial and we must affirm.

On October 9, 2002, Appellant was indicted with six counts of injury to a child. A jury trial was initially set for February 14, 2003. The jury trial was reset for April 25, 2003. It was reset for July 18, 2003, then moved to September 12, 2003, and then postponed for a fifth time to December 5, 2003. On December 5, 2003, the trial court entered an order specially setting the jury trial for March 26, 2004. On February 18, 2004, Appellant filed a motion to dismiss for failure to provide speedy trial. On March 26, 2004, the trial court again rescheduled and specially set the jury trial for July 16, 2004. On March 30, 2004, Appellant amended her motion to dismiss, noting that she had requested a special setting for March 26, but the trial was rescheduled for July 16. On July 16, the trial court requested announcements of counsel and pretrial motions. The trial court proceeded to conduct a hearing on Appellant's pending motion to dismiss.

During the hearing, Appellant alleged that there had been several trial settings in which the State had announced "not ready" or did not announce ready to the court to proceed with the case. Appellant stated that she had never asked for a continuance in the case and had been ready at each trial setting. Appellant also asserted that she was prejudiced by the delay, arguing that:

> The prejudice in this case to my clients, Judge, is that in the past, we had brought witnesses to testify on their behalf. I had brought a psychologist that has dealt with the kids who was ready and willing to testify to the veracity of these children, what they're saying.

> Basically, we cannot locate this individual that was an aunt, also, who had dealt with one of these kids, who we cannot locate. So because of the passage of time, we basically have not been able to get those witnesses.

Appellant requested dismissal of the prosecution because of the delay.

In response, the State argued that it had never filed a continuance in the case nor had it ever announced "not ready" for trial. According to the State, the case was reset because other cases had been specially set for jury trial settings on the same dates. The trial court denied the motion to dismiss for lack of speedy trial. The case proceeded to trial on July 19, 2004.

The right to a speedy trial is guaranteed by the federal and Texas constitutions. *See* U.S. CONST. AMENDS. VI, XIV; TEX. CONST. art. I, § 10; *Klopfer v. State of North Carolina,* 386 U.S. 213, 223–24, 87 S.Ct. 988, 993–94, 18 L.Ed.2d 1 (1967); *Hull v. State,* 699 S.W.2d 220, 221 (Tex.Crim.App.1985). On review, we must balance four factors when analyzing the trial court's decision to grant or deny a speedy trial claim: (1) the length of delay;

(2) the reason for the delay; (3) the defendant's assertion of his/her right; and (4) any resulting prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Emery v. State,* 881 S.W.2d 702, 708 (Tex. Crim.App.1994). No single factor is a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193. Rather, the factors are related and must be considered together along with other circumstances as may be relevant. *Id.*

 We apply a bifurcated standard of review: an abuse of discretion standard for the factual components and a *de novo* standard for the legal components. *Zamorano v. State,* 84 S.W.3d 643, 648 (Tex.Crim.App.2002). This means we independently weigh and balance the *Barker* factors, but we presume the trial court resolved any disputed fact issues in a manner that supports its ruling. *See id.; State v. Munoz,* 991 S.W.2d 818, 821 (Tex.Crim.App.1999). Stated differently, we review legal issues *de novo* but give deference to a trial court's resolution of factual issues, including deference to the trial court's drawing of reasonable inferences from the facts. *Kelly v. State,* 163 S.W.3d 722, 726 (Tex.Crim.App.2005).

### Length of Delay

 The first *Barker* factor, the length of delay, is measured from the time the defendant is arrested or formally accused. *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971); *Shaw v. State,* 117 S.W.3d 883, 889 (Tex.Crim.App.2003); *Emery,* 881 S.W.2d at 708. The length of delay acts as a triggering mechanism and unless the delay is presumptively prejudicial, courts need not consider the other three factors. *Zamorano,* 84 S.W.3d at 648; *Dragoo v. State,* 96 S.W.3d 308, 313–14 (Tex.Crim. App.2003). "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Dragoo,* 96 S.W.3d at 314, *quoting Doggett v. United States,* 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520 (1992). The presumption that pretrial delay has prejudiced the accused intensifies over time, thus the longer the delay beyond that which is ordinary, the more prejudicial that delay is to the defendant. *Zamorano,* 84 S.W.3d at 649. In general, courts have deemed delay approaching one year to be unreasonable enough to trigger consideration of all the *Barker* factors. *Dragoo,* 96 S.W.3d at 314; *Shaw,* 117 S.W.3d at 889.

 Appellant alleges that she was arrested on April 25, 2002. The record shows that she was indicted on October 9, 2002. Appellant was tried in July 2004. The State concedes that the delay from indictment to trial was long enough to be presumptively prejudicial. We agree that this delay is sufficient to trigger the *Barker* inquiry. This factor weighs heavily in favor of Appellant. *See Zamorano,* 84 S.W.3d at 649 (finding that where length of delay stretched well beyond bare minimum needed to trigger judicial examination, this factor in and of itself, weighs heavily against the State).

### Reason for Delay

 The State has the initial burden of justifying a lengthy delay. *Emery,* 881 S.W.2d at 708; *Lott v. State,* 951 S.W.2d 489, 493 (Tex.App.-El Paso 1997, pet. ref'd). Reasons for the delay are weighted differently. *Munoz,* 991 S.W.2d at 822. A deliberate attempt to delay a trial is weighed heavily against the State, while more neutral reasons, such as negligence or overcrowded dockets, are

weighed less heavily. *Munoz*, 991 S.W.2d at 822. If the record is silent regarding the reason for the delay, we may presume neither a valid reason nor a deliberate attempt to prejudice the defense. *Dragoo*, 96 S.W.3d at 314.

Appellant's case was reset six times before it proceeded to trial. At the hearing, the State's explanation suggested that the reason for the delay was an overcrowded docket, in which other cases were specially set for the same trial dates. The State, however, argued that it was prepared to proceed to trial at each trial setting. Appellant does not claim the State deliberately attempted to delay her trial nor is there evidence of deliberate delay. We find this factor must be weighed against the State, but not heavily. *See Dragoo*, 96 S.W.3d at 314.

### Assertion of Right to Speedy Trial

Next, we consider the defendant's responsibility to assert her right to a speedy trial. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. Assertion of the right is entitled to strong evidentiary weight in determining whether the defendant was deprived of the right. *Id.* at 531–32, 92 S.Ct. at 2192–93. Failure to assert the right in a timely and persistent manner will make it difficult for a defendant to prove that she was denied a speedy trial. *Id.* at 532, 92 S.Ct. at 2193; *see also Thompson v. State*, 983 S.W.2d 780, 785 (Tex.App.-El Paso 1998, pet. ref'd). This failure weighs more heavily against the defendant as the delay gets longer; the longer the delay, the more likely a defendant who really wants a speedy trial would take some action to obtain it. *Dragoo*, 96 S.W.3d at 314. A defendant's lack of a timely demand for a speedy trial strongly indicates that she did not really want a speedy trial. *Harris v. State*, 827 S.W.2d 949, 957 (Tex.Crim.App.1992); *Thompson*,

983 S.W.2d at 785. Further, seeking a dismissal rather than a prompt trial, is clearly relevant and may attenuate the strength of a speedy trial claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex.Crim. App.1983).

Here, Appellant filed a motion to dismiss for failure to provide a speedy trial on February 18, 2004, approximately sixteen months after indictment. While this delay might normally suggest that a defendant did not really want a speedy trial, there are particular circumstances in this case that undermine such a conclusion. A jury trial was initially set for February 14, 2003. In fact, Appellant filed various pretrial motions in December 2002, including a motion to suppress evidence, in preparation for trial. The trial court cancelled the trial setting and rescheduled it for April 25, 2003. The trial court cancelled again and reset for July 18, 2003, then reset for September 12, and then reset for December 5, 2003. On December 5, 2003, the trial court cancelled the trial setting yet again and rescheduled it for March 26, 2004, which Appellant had requested as a special setting. It was at that point that Appellant filed a motion to dismiss for failure to provide speedy trial. At the motion hearing, Appellant represented that she was ready at every trial setting and never requested a continuance, yet the trial court cancelled the trial every time. Under such circumstances, we find it difficult to lay blame upon Appellant for attempting to proceed with her case at every trial setting, rather than asserting a speedy trial claim with each upcoming trial setting.

On March 30, 2004, Appellant amended her motion to dismiss when the trial court yet again cancelled trial and reset the trial setting for July 16. Even when Appellant asserted her speedy trial claim, the trial court cancelled and reset trial for a sixth

time. In our minds, this raises serious doubt that she would have met a different result if she had asserted her claim earlier. Given the particular circumstances presented in this case, we find that this factor weighs slightly in Appellant's favor.

### Prejudice Resulting from Delay

The final *Barker* factor focuses on the prejudice, if any, the defendant has suffered as a result of the delay. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. The defendant has the initial burden to make a showing of prejudice. *Emery,* 881 S.W.2d at 709. Prejudice should be assessed in light of the interests a speedy trial is designed to protect. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. These interests are: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Id.* Of these three, the most serious is the last, because the inability of the defendant to prepare a defense skews the fairness of the entire system. *Id.* When the defendant makes a *prima facie* showing of prejudice, the burden shifts to the State to show that the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." *Munoz,* 991 S.W.2d at 826, *quoting Ex parte McKenzie,* 491 S.W.2d 122, 123 (Tex. Crim.App.1973). In some cases, the delay may be so excessive so as to be presumptively prejudicial. *Guajardo v. State,* 999 S.W.2d 566, 570 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd), *citing Doggett,* 505 U.S. at 654–57, 112 S.Ct. at 2691–94. Yet even the case where the delay is presumptively prejudicial, the defendant must nevertheless show that she has been prejudiced by the delay. *Id.*

It is undisputed that Appellant was not incarcerated while awaiting trial. Thus, the first consideration is not significant. With regard to the second, Appellant did not allege in her motions or at the hearing that she suffered any anxiety. On appeal, Appellant claims that she was prejudiced to some extent by living for years under a cloud of suspicion and anxiety. However, there is no evidence that the delay caused her anxiety and concern beyond what would ordinarily result from being arrested and charged with a serious offense. *See Shaw,* 117 S.W.3d at 890 (no evidence that delay caused any unusual anxiety or concern, i.e., any anxiety or concern beyond the level normally associated with being charged with a felony).

We next consider the most important factor, the possibility of a delay impairing the defense. Appellant claims that it became difficult to convince and locate witnesses to testify on her behalf because the continuous postponements and the long delay of her case. Specifically, Appellant argues that her defense was impaired because she was unable to locate two witnesses, a psychologist and an aunt. Where the basis for prejudice is witness unavailability, a defendant must demonstrate that: (1) the witness was unavailable at the time of trial; (2) the witness's testimony may be relevant and material to her defense; and (3) the defendant exercised due diligence in an attempt to locate the witness at the time of trial. *See Phipps v. State,* 630 S.W.2d 942, 947 (Tex. Crim.App.1982); *Johnson v. State,* 975 S.W.2d 644, 652 (Tex.App.-El Paso 1998, pet. ref'd). The following was the extent of Appellant's argument concerning the prejudice resulting from the delay:

> The prejudice in this case to my clients [1], Judge, is that in the past, we had brought witnesses to testify on their

---

1. Appellant was tried with her husband, Ro- man, as a codefendant.

behalf. I had brought a psychologist that has dealt with the kids who was ready and willing to testify to the veracity of these children, what they're saying.

Basically, we cannot locate this individual that was an aunt, also, who had dealt with one of these kids, who we cannot locate. So because of the passage of time, we basically have not been able to get those witnesses.

While Appellant argued that the psychologist would have testified as to veracity of the children, she failed to demonstrate that the psychologist's testimony would have been relevant and material, and thus, favorable to the defense. Further, Appellant did not offer any evidence as to the content of the aunt's testimony or whether it was material to her defense. Appellant also failed to offer any evidence to show she exercised due diligence in attempting to locate the missing witnesses at the time of trial. *See Harris v. State*, 489 S.W.2d 303, 308 (Tex.Crim.App.1973)(defendant could not show that his defense was impaired where defendant failed to offer any evidence on his attempts to find the potential witnesses or evidence that they were material or relevant). We conclude that the fourth *Barker* factor weighs heavily against Appellant.

### Balancing the Factors

We now balance the four *Barker* factors to determine whether Appellant's right to a speedy trial was violated. Although there was a lengthy delay in this case, the reasons for the delay do not weigh heavily against the State. While Appellant asserted her right to a speedy trial and was subject to many unexplained trial resettings, she wholly failed to demonstrate that she was prejudiced by the delay that ensued. Balancing these factors, we conclude that the weight of the factors is against finding a violation of Appellant's

right to a speedy trial. Appellant's sole issue is overruled.

The trial court's judgment is affirmed.