COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



REFUGIO PADILLA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00091-CR



Appeal from the


41st District Court


of El Paso County, Texas


(TC#20030D03953)


O P I N I O N


 This is an appeal from a conviction for the offense of theft under $1,500, enhanced. 
Appellant pleaded guilty to the court, and the court assessed punishment at two years'
imprisonment. (1)

I. SUMMARY OF THE EVIDENCE


 On May 16, 2003, Appellant was arrested for theft for attempting to steal some razors. 
Appellant was released on a personal recognizance bond on July 7, 2003. An indictment issued from
the grand jury on August 21, 2003, charging Appellant with the offense of theft under $1,500
enhanced by the allegations of: (1) on August 30, 1990, two convictions for theft in El Paso County;
(2) on January 29, 1999, a federal conviction in New Mexico for possession with intent to distribute
less than 50 kilograms of marijuana; (3) on November 7, 1988, a conviction for possession of heroin
in El Paso County; and (4) on April 29, 1985, a conviction for possession of heroin in El Paso
County. Attorney Mario Trillanes was appointed by the trial court to represent Appellant. Trillanes filed a motion for continuance on January 28, 2004. In this motion, Trillanes stated
that trial was set for February 3, 2004. Trillanes stated that he needed more time to prepare for trial. 
The State had already filed its notice of extraneous offenses, a written notice of expert witness, and
its motion to disclose expert witnesses. It is not clear from the record whether the continuance was
granted or whether the trial was put off due to Appellant's failure to appear at trial. Appellant stated
in a pro se document entitled "Notice of Formal Complaint" that a warrant was issued when he did
not show up for trial in "about January" and because he had been charged with a new offense that
he committed while out on personal recognizance bond. Appellant also complained that his attorney,
Trillanes, had failed to accept his motion to quash the indictment, and he had decided not to appear
at trial because of Trillanes's "attitude." The court's docket sheet indicates that Appellant's personal
recognizance bond was revoked on March 1, 2004, and a capias warrant was issued. Appellant
stated in a pro se document entitled "Motion for Rehearing" filed on July 6, 2005, that he committed
a burglary of a building on August 20, 2003, while he was out on bond. According to Appellant, he
was indicted for that offense on January 15, 2004, and he was re-arrested on March 5, 2004.

 On July 1, 2004, Trillanes filed a motion to withdraw from his representation of Appellant. 
In the motion, he stated that fundamental and unalterable disagreements existed regarding how
Appellant's defense was to be conducted.

 Appellant filed a pro se motion entitled, "Renew Motion to Quash Set Aside Indictment" on
August 2, 2004, in which he sought a dismissal of the case. On August 25, 2004, Appellant filed a
pro se document entitled "Motion to Dismiss for Failure to Provide Constitutional Speedy Trial." 
In this document he asserted that more than 171 days had elapsed between the commencement of
the action against him and the filing of the motion. He also maintained that he was prejudiced by
the delay, because defense witnesses became unavailable and witnesses will have forgotten facts. 
Appellant noted authority stating that the request for dismissal makes a less effective claim for the
lack of a speedy trial than a request for a trial; however, he requested only a dismissal in his request
for relief.

 On September 14, 2004, Appellant filed a pro se "Petition for Writ of Mandamus" with the
district clerk, asking that the petition be forwarded to this Court for consideration. In that petition,
Appellant asserted that he had been denied his right to speedy trial, and asked this Court to issue a
writ of mandamus directing the trial court to dismiss his case.

 On September 27, 2004, Trillanes again urged his motion to withdraw, and on October 6,
2004, the trial court appointed the El Paso Public Defender's Office to represent Appellant. On
November 12, 2004, Appellant filed his pro se motion entitled "Motion For Mandatory Withdrawal
of Counsel and Appointment of New Counsel." In the affidavit attached to the motion, he alleged
that appointed counsel refused to investigate all the avenues of his defense and refused to present
pretrial motions that would preserve legal review before the Court of Appeals.

 On November 22, 2004, Appellant filed another pro se motion for constitutional speedy trial. 
In this motion, he stated that the delay had prejudiced him, because he had lost his job and part of
his welding equipment, and he was unable to care for his dependent daughter. Further, he again
complained that his second attorney, Elizabeth Sanchez, was not providing him with adequate legal
representation. Appellant again requested a dismissal of the charges.

 The State filed a notice of extraneous offense in preparation for trial, and also filed a list of
expert witnesses on January 4, 2005. Sanchez filed a motion to withdraw on January 13, 2005. In
that motion, she stated that a pretrial hearing was set for January 15, 2005, and a trial date was set
for January 25, 2005. Sanchez stated that she had gone to visit Appellant at the jail annex, and he
had refused to speak to her.

 On January 14, 2005, Appellant filed a letter with attached exhibits of the voluminous pro
se documents Appellant had filed in the cause. On the same day, he filed another "Motion for
Mandatory Withdrawal of Counsel and Appointment of New Counsel." The court appointed Dereck
Wyatt to represent Appellant on April 8, 2005, and on May 20, 2005, the court signed an order
substituting Wyatt as counsel in place of Sanchez. Wyatt filed a motion for psychiatric examination
to determine Appellant's competency on June 21, 2005. On October, 12, 2005, Appellant filed a pro
se "Motion to Dismiss for Failure to Provide Constitutional Speedy Trial." In that document,
Appellant stated that 761 days had passed since the case commenced, and he had been ready for trial
at all times.

 On March 13, 2006, Appellant pleaded guilty to the court, and, pursuant to a plea bargain,
he was assessed two years' confinement in the Institutional Division of the Texas Department of
Criminal Justice. He was given 790 days of jail-time credit, which was to run concurrently with the
other two offenses for which he was charged. The trial court gave Appellant permission to appeal. 
II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred in failing to dismiss the
case for lack of a speedy trial. Specifically, Appellant calculates the delay to be over two years and
nine months and that such delay denied him a speedy trial in contravention of the federal and state
constitutions. The right to a speedy trial is guaranteed by the federal and Texas constitutions. See
U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; Klopfer v. North Carolina, 386 U.S. 213,
223-24, 87 S. Ct. 988, 993-94 (1967); Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App. 1985). 
On review, we balance four factors when analyzing the trial court's decision to grant or deny a
speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's
assertion of his right; and (4) any prejudice that results to the defendant. Barker v. Wingo, 407 U.S.
514, 530, 92 S. Ct. 2182, 2192 (1972); Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994),
cert. denied, 513 U.S. 1192, 115 S. Ct. 1257 (1995). No single factor is a necessary or sufficient
condition to the finding of a deprivation of the right of speedy trial. Barker, 407 U.S. at 533, 92 S.
Ct. at 2193. Instead, the factors are related and must be considered together, along with such other
circumstances as may be relevant. Id.; Palacios v. State, 225 S.W.3d 162, 166-67 (Tex. App.--El
Paso 2005, pet. ref'd).

 We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex. Crim. App. 2002). This means that we independently weigh and balance the Barker
factors, but we engage in the presumption that the trial court resolved any disputed fact issues in a
manner that supports its ruling. See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App.
1999). Stated in another manner, we review legal issues de novo, but give deference to a trial court's
resolution of factual issues, including deference to the trial court's drawing of reasonable inferences
from the facts. Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); Palacios, 225 S.W.3d
at 167.

A. Length of the Delay


 Regarding the first factor in the Barker analysis, the length of delay is measured from the
time the defendant is arrested or formally accused. United States v. Marion, 404 U.S. 307, 313, 92
S. Ct. 455, 459 (1971). The length of the delay is, to some extent, a triggering mechanism, so that
a speedy trial claim will not be heard until passage of a period of time that is prima facie
unreasonable under the circumstances. Doggett v. United States, 505 U.S. 647, 651-52, 112 S. Ct.
2686, 2690-91 (1992); Barker, 407 U.S. at 530, 92 S. Ct. at 2192. "If the accused makes this
showing, the court must then consider, as one factor among several, the extent to which the delay
stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett,
505 U.S. at 652, 112 S. Ct. at 2691. The presumption that pretrial delay has prejudiced the accused
intensifies over time, so that the longer the delay beyond that which is ordinary, the more prejudicial
that delay is to the defendant. Zamorano, 84 S.W.3d at 649. In general, delay approaching one year
is sufficient to trigger a speedy trial inquiry. Doggett, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1;
Dragoo v. State, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

 In the instant case, Appellant was arrested on May 16, 2003 and was indicted on August 21
2003. Clearly, the length of delay was well beyond that required to trigger an inquiry, (2) and this
factor is weighed heavily against the State. See Zamorano, 84 S.W.3d at 649.

B. Reason for the Delay


 The next Barker factor is the reason for the delay. The State has the initial burden of
justifying a lengthy delay. Emery, 881 S.W.2d at 708; Lott v. State, 951 S.W.2d 489, 493 (Tex.
App.--El Paso 1997, pet. ref'd). In examining the reasons for the delay, we accord different weights
to various reasons. Barker, 407 U.S. at 531, 92 S. Ct. at 2192; Emery, 881 S.W.2d at 708. A
deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against
the State. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Conversely, valid reasons are not weighed
against the State at all. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Further, delay that is attributable
in whole or in part to the defendant may constitute a waiver of the speedy trial claim. Munoz, 991
S.W.2d at 822. When the record is silent as to the reason for the delay, we may presume neither a
valid reason nor a deliberate attempt to prejudice the defense. Dragoo, 96 S.W.3d at 314.

 In the instant case, the record demonstrates that trial was initially set for February 3, 2004. 
Appellant's attorney Mario Trillanes filed a motion for continuance, indicating trial was set for that
date. While the record does not indicate whether the motion for continuance was granted, Appellant
was out on personal recognizance bond, and he decided not to appear due to conflict with his
attorney.

 The record indicates that the next trial setting was on January 25, 2005. In the interim,
Elizabeth Sanchez had been appointed to defend Appellant, and she indicated that trial was set for
that date in her motion to withdraw, which she filed on January 13, 2005. In that motion, Sanchez
stated that she had gone to confer with Appellant at the jail, and he had refused to see her.

 Appellant filed motions to have his first and second attorneys replaced, due to conflicts he
perceived regarding what motions should be filed to quash the enhancements contained in the
indictment. It is clear that the reasons for the delays incurred in his case's coming to trial are
attributable in large measure to Appellant's actions, and we weigh this factor significantly against
him.

C. Assertion of the Right


 The third factor that a trial court must consider is the defendant's assertion of his right to a
speedy trial. Munoz, 991 S.W.2d at 825. A defendant is responsible for asserting or demanding his
right to a speedy trial. Id. A lengthy delay or a lack of persistence in asserting the right attenuates
a speedy trial claim. Russell v. State, 90 S.W.3d 865, 873 (Tex. App.--San Antonio 2002, pet. ref'd). 
Similarly, a defendant's request for dismissal, rather than for a prompt trial setting, may attenuate
the strength of his speedy trial complaint. Palacios, 225 S.W.3d at 168. A defendant's failure to
assert his right to a speedy trial is not necessarily dispositive of his claim. Munoz, 991 S.W.2d at
825. Instead, a defendant's failure to assert his right is weighed and balanced with the other Barker
factors, although it makes it more difficult for him to prove that he was denied a speedy trial. Id.

 Appellant filed a number of pro se motions in which he requested that the indictment be
dismissed or quashed, but the first motion that requested a dismissal of the indictment on speedy trial
grounds was filed on August 25, 2004, fifteen months after his initial arrest. In his two subsequent
pro se motions for speedy trial and in his petition for writ of mandamus, he requested only a
dismissal of the indictment. (3)
 We find that this factor should be weighed against Appellant.

D. Prejudice Resulting from Delay


 The final factor we must analyze regards what prejudice Appellant suffered as a result of the
delay. In some cases, the delay may be so excessive as to be presumptively prejudicial. Guajardo
v. State, 999 S.W.2d 566, 570 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Yet even where
the delay is presumptively prejudicial, the defendant must nevertheless show that he has been
prejudiced. Id. A showing of actual prejudice is not required; however, a defendant must make a
prima facie showing of prejudice which was caused by the delay of the trial. Munoz, 991 S.W.2d
at 826. Once the defendant has made such a showing, the burden shifts to the State. Guajardo, 999
S.W.2d at 570-71. However, the presumption of prejudice is diminished by the defendant's
acquiescence in the delay. Barker, 407 U.S. at 534-36, 92 S. Ct. at 2194-95; Doggett, 505 U.S. at
658, 112 S. Ct. at 2694; Dragoo, 96 S.W.3d at 315.

 The prejudice to the defendant is assessed in the light of the interests which the speedy trial
right is designed to protect, to wit, preventing oppressive pretrial incarceration, minimizing the
anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. 
Munoz, 991 S.W.2d at 826. Of these interests, the third is the most important, because the inability
of a defendant adequately to prepare his case skews the fairness of the entire system. Barker, 407
U.S. at 532, 92 S. Ct. at 2193; Doggett, 505 U.S. at 654, 112 S. Ct. at 2692; Dragoo, 96 S.W.3d at
315.

 With regard to preventing oppressive pretrial incarceration, Appellant was arrested on
May 16, 2003, and he pleaded guilty on March 13, 2006. He was out on bond from July, 7, 2003
until March 5, 2004, when he was re-arrested. As his total pretrial incarceration lasted over two
years, there is a prima facie showing of oppressive pretrial incarceration. See Munoz, 991 S.W.2d
at 828.

 The second consideration, minimizing the defendant's pretrial anxiety and concern, is not
addressed specifically in Appellant's brief; (4) rather, he makes a general reference to his pro se
motions, asserting that they are replete with references to his anxiety and concern about losing
favorable witnesses. However, when the defendant's claim of prejudice is based upon the
unavailability of a witness, the defendant must show (1) that the witness was unavailable when he
was tried, (2) that his testimony may have been relevant and material to his defense, and (3) that he
exercised due diligence in locating the witness. McCarty v. State, 498 S.W.2d 212, 218 (Tex. Crim.
App. 1973); Clarke v. State, 928 S.W.2d 709, 716 (Tex. App.--Fort Worth 1996, pet. ref'd). 
Appellant has failed to demonstrate these factors.

 Regarding the last and most important consideration, the impairment of his defense,
Appellant does not offer any indication of how his defense was impaired, other than to make
generalized, conclusory claims about losing (unidentified) witnesses or about witnesses' losing their
memory. This is inadequate to show prejudice with regard to impairment of his defense. Clarke,
928 S.W.2d at 716.

 On balance, we find that Appellant has not established that he was prejudiced by the delay. 
To the extent that he established a presumption of prejudice, the presumption is diminished by his
own act in absenting himself from trial and from his lack of cooperation with his successive
attorneys, and this factor weighs against Appellant.

 Therefore, balancing the Barker factors, we conclude that defendant's right to a speedy trial
was not violated. Appellant's sole issue is overruled.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice

August 30, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. In a joint hearing, Appellant also pleaded guilty in two companion cases. In case no. 08-06-00092-CR,
Appellant pleaded guilty to the offense of burglary of a building, and the court assessed punishment at two years'
imprisonment. In case no. 08-06-00093-CR, Appellant pleaded guilty to the offense of theft under $1,500, enhanced,
and the court assessed punishment at two years' imprisonment. All three sentences were to run concurrently.
2. In its brief, the State concedes that "the length of delay . . . between arrest and the date of trial triggers
consideration of the remaining three Barker factors."
3. The trial court was not required to consider pro se pretrial motions which Appellant filed while he was
represented by counsel. Meyer v. State, 27 S.W.3d 644, 648 (Tex. App.--Waco 2000, pet. ref'd). This Court was
likewise not required to consider pro se petitions for a writ of mandamus which he filed while represented by counsel. 
See Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106, 116 S. Ct. 1323 (1996);
Gray v. Shipley, 877 S.W.2d 806 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding); see also In re Flores, 2007
WL 1098288 (Tex. App.--El Paso Apr. 12, 2007, orig. proceeding) (mem. op., not designated for publication).

4. We note, however, that, in his November 22, 2004, pro se motion for a speedy trial, Appellant did assert that
he had lost his job and part of his welding equipment and that was unable to care for his dependent daughter, thereby
showing some anxiety and concern attributable to the delay.