COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





WILBERT NORWOOD STARKS,


 Appellant,


v.


THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-07-00230-CR




Appeal from the



195th District Court



of Dallas County, Texas



(TC# F-0401623-QN) 



O P I N I O N

 This is an appeal from a conviction for the offense of possession of a firearm by a felon. 
Appellant pleaded guilty to the court, and the court assessed punishment at five years' imprisonment. 
We affirm the judgment of the trial court.

I. SUMMARY OF EVIDENCE


 Appellant, Wilbert Starks, was arrested on November 2, 2002, and charged with unlawful
possession of a firearm by a felon. He was initially indicted on November 25, 2002, then reindicted
on February 4, 2004, and again on November 15, 2004.

 Appellant filed various pro se pretrial motions while incarcerated and awaiting trial. He filed
a "Motion To Quash and Exceptions to Form and Substance of Indictment." He requested that the
court have a pretrial hearing on the motion or grant the motion, quash the indictment, and dismiss
all charges with prejudice. He filed a "Motion To Set Aside Indictment for Failure To Provide a
Speedy Trial," in which he requested that all charges be dismissed with prejudice. Appellant filed
another "Motion To Quash and Exceptions to Form and Substance of Indictment," in which he
requested the same relief as he had in the prior motion with the same caption. The trial court denied
the two above-referenced motions on December 6.

 On December 7, Appellant pleaded guilty to unlawful possession of a firearm by a felon, in
return for a five-year prison sentence. Appellant was credited for time served in jail. The trial court
admonished Appellant in writing and orally and confirmed Appellant's wish to plead guilty in open
court. Appellant stated that he understood the charges against him, that he entered into the plea
agreement freely and voluntarily, and that he entered into it for no other reason than he was guilty
as charged. (1)

II. DISCUSSION


 Appellant raises three issues on appeal. First, he argues that the trial court erred when it set
aside his motions to dismiss his indictments for lack of a speedy trial. Appellant also argues that the
trial court should not have accepted his guilty plea, because it was involuntary or, in the alternative,
that the trial court should sua sponte have withdrawn the guilty plea. Appellant's last contention is
that the trial court abused its discretion when it failed to hold a hearing on his pro se pretrial motions.

 Regarding the first issue, Appellant asserts that the court erred in failing to dismiss the case
for lack of a speedy trial. Specifically, Appellant calculates the delay to have been slightly over two
years and one month, and he asserts that such delay denied him a speedy trial, in contravention of
the federal and state constitutions.

 The right to a speedy trial is guaranteed by the federal and Texas constitutions. See U.S.
Const. amends. VI, XIV; Tex. Const. art. I, § 10; Klopfer v. North Carolina, 386 U.S. 213, 223-24,
87 S. Ct. 988, 993-94 (1967); Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App. 1985). On
review, we balance four non-exclusive factors when analyzing the trial court's decision to grant or
deny a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's
assertion of his right; and (4) any prejudice that results to the defendant. Barker v. Wingo, 407 U.S.
514, 530, 92 S. Ct. 2182, 2192 (1972); Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994),
cert. denied, 513 U.S. 1192 (1995). No single factor is a necessary or sufficient condition to the
finding of a deprivation of the right to a speedy trial. Barker, 407 U.S. at 533, 92 S. Ct. at 2193. 
Instead, the factors are related and must be considered together, along with such other circumstances
as may be relevant. Id.; Palacios v. State, 225 S.W.3d 162, 166-67 (Tex. App.--El Paso 2005, pet.
ref'd).

 We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex. Crim. App. 2002). This means that we independently weigh and balance the Barker
factors, but we engage in the presumption that the trial court resolved any disputed fact issues in a
manner that supports its ruling. See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App.
1999). Stated in another manner, we review legal issues de novo, but give deference to a trial court's
resolution of factual issues, including deference to the trial court's drawing of reasonable inferences
from the facts. Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); Palacios, 225 S.W.3d
at 167.

 The first factor, the length of the delay, is viewed as a triggering mechanism. Barker, 407
U.S. at 530, 92 S. Ct. at 2192. "Until there is some delay which is presumptively prejudicial, there
is no necessity for inquiry into the other factors that go into the balance." Id. "Presumptively
prejudicial" refers, not to statistical prejudice, but simply to a point at which the court believes the
delay was unreasonable. Munoz, 991 S.W.2d at 821-22. Furthermore, there is no specific length of
delay which constitutes a lack of a speedy trial. The delay is measured from the time the defendant
is formally accused or arrested to the time when he is tried. Hull, 699 S.W.2d at 221.

 In the present case, the State necessarily concedes that the twenty-five-month delay between
Appellant's arrest and his trial is sufficient to trigger the Barker analysis. See Dragoo v. State, 96
S.W.3d 308, 314 (Tex. Crim. App. 2003) ("In general, courts deem delay approaching one year to
be 'unreasonable enough to trigger the Barker inquiry.'"); accord, Escajeda v. State, No. 08-07-00146-CR, 2008 WL 616120, at *1 (Tex. App.--El Paso Mar. 6, 2008, no pet.) (not designated for
publication). Clearly, the length of delay was well beyond that required to trigger an inquiry, and
this factor is weighed heavily against the State. See Zamorano, 84 S.W.3d at 649.

 The next Barker factor is the reason for the delay. The State has the initial burden of
justifying a lengthy delay. Emery, 881 S.W.2d at 708; Lott v. State, 951 S.W.2d 489, 493 (Tex.
App.--El Paso 1997, pet. ref'd). In examining the reasons for the delay, we accord different weights
to various reasons. Barker, 407 U.S. at 531, 92 S. Ct. at 2192; Emery, 881 S.W.2d at 708. A
deliberate attempt to delay the trial in order to hamper the defense would be weighed heavily against
the State. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Conversely, valid reasons are not weighed
against the State at all. Id.

 On the other hand, if an accused's own actions constitute the majority of the reason for the
delay in trial, this factor weighs against his speedy trial claim. See Love v. State, 909 S.W.2d 930,
947 (Tex. App.--El Paso 1995, pet. ref'd). In fact, delay that is attributable in whole or in part to the
defendant may constitute a waiver of the speedy trial claim. Munoz, 991 S.W.2d at 822. When the
record is silent as to the reason for the delay, we may presume neither a valid reason nor a deliberate
attempt to prejudice the defense. Dragoo, 96 S.W.3d at 314.

 Appellant asserts that he was indicted on cocaine charges on December 13, 2002, and
reindicted in February 2004. His trial was set for February 2004 and reset for June of that year. 
Appellant also asserts that he was indicted on firearm charges initially on November 25, 2002, and
again on February 4, 2004. (2) Appellant asserts in his "Omnibus Pretrial Motion for Dismissal" that
the State was not ready for trial. He also states that he never requested a continuance, but the State
received many continuances. The State's brief offers no reason for the delay, nor does the record
indicate a justifiable reason for the delay. Therefore, the second factor points toward a violation of
Appellant's right to a speedy trial. The weight of this factor is, however, slight, because there is no
evidence the State intended to cause a delay for strategic gain.

 The third factor, the defendant's assertion of his right to a speedy trial, is closely related to
the other three factors, because the longer the delay, and the more prejudice the defendant perceives
that he suffers, the more inclined he will be to assert his right to a speedy trial. Barker, 407 U.S. at
531, 92 S. Ct. at 2192. Therefore, a defendant's assertion of his right to a speedy trial is entitled to
strong evidentiary support in determining whether a speedy trial has been denied. Id. at 531-32, 92
S. Ct. at 2192-93. Furthermore, while a motion to dismiss does put both the State and the court on
notice of a speedy trial claim, courts have noted the motivation behind asking for dismissal, rather
than for a prompt trial, is relevant and may decrease, perhaps significantly, the strength of a
defendant's claim. Phillips v. State, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983); see also
Parkerson v. State, 942 S.W.2d 789, 791 (Tex. App.--Fort Worth 1997, no pet.).

 In Barker, the Court reasoned that a motion to dismiss the indictment in response to a
continuance by the State and the lack of a motion for an immediate trial showed that the defendant
merely wanted to take advantage of the delay to get the case dismissed. 407 U.S. at 534-35, 92 S.
Ct. at 2194. A defendant's request for a speedy trial was weakened where he filed various pretrial
motions, did not receive a hearing on the motions, and then filed a motion to dismiss, because it
appeared that he wanted no trial, rather than a speedy trial. Parkerson, 942 S.W.2d at 791.

 Similar to Parkerson, Appellant filed various pro se motions with the trial court. In most of
the motions, Appellant asked for his case to be dismissed. He requested dismissal because of
insufficient evidence and for failure to provide a speedy trial. He also argued for the indictment to
be quashed, because it was fundamentally defective, and for the charges to be dismissed. Yet, when
Appellant was set for trial, he entered a guilty plea. Appellant did assert his right to a speedy trial;
however, he requested that the court dismiss all charges or hold a pretrial hearing and then dismiss
the case after all the facts were heard. In asserting his right to a speedy trial, Appellant repeatedly
sought dismissal of his case, rather than a prompt trial to determine his guilt or innocence.

 Since Appellant did assert his right to a speedy trial, factor three favors Appellant's claim
of a violation of this right. However, we find the factor is substantially weakened by Appellant's
numerous requests for dismissal of the case in his pro se motions and then his ultimate decision to
plead guilty when his trial arrived.

 The final factor we must analyze regards what, if any, prejudice Appellant suffered as a result
of the delay. In some cases, the delay may be so excessive as to be presumptively prejudicial. 
Guajardo v. State, 999 S.W.2d 566, 570 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Yet
even where the delay is presumptively prejudicial, the defendant must nevertheless show that he has,
in fact, been prejudiced. Id. A showing of actual prejudice is not required; however, a defendant
must make a prima facie showing of prejudice which was caused by the delay of the trial. Munoz,
991 S.W.2d at 826. Once the defendant has made such a showing, the burden shifts to the State. 
Guajardo, 999 S.W.2d at 570-71. However, the presumption of prejudice is diminished by the
defendant's acquiescence in the delay. Barker, 407 U.S. at 534-36, 92 S. Ct. at 2194-95; Doggett
v. United States, 505 U.S. 647, 658, 112 S. Ct. 2686, 2694 (1992); Dragoo, 96 S.W.3d at 315.

 The prejudice to the defendant is assessed in the light of the interests which the speedy trial
right is designed to protect, to wit, (1) preventing oppressive pretrial incarceration, (2) minimizing
the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be
impaired. Munoz, 991 S.W.2d at 826. Of these interests, the third is the most important, because
the inability of a defendant to adequately prepare his case skews the fairness of the entire system.
Barker, 407 U.S. at 532, 92 S. Ct. at 2193; Doggett, 505 U.S. at 654, 112 S. Ct. at 2692; Dragoo,
96 S.W.3d at 315.

 First, it should be noted that there are very few facts in the record upon which to determine
the prejudice suffered by Appellant. As to Appellant's claim of oppressive incarceration, it may
have been oppressive, if he had not received credit on his sentence for time served or if he had
ultimately been found innocent of the charges. However, Appellant pleaded guilty and received full
credit for the time he had spent in jail, so his twenty-five-month pretrial incarceration was not, in this
case, oppressive. As to Appellant's claim of having suffered from anxiety, any criminal charge is
certain to bring a level of anxiety with it; however, Appellant failed to introduce any evidence that
the anxiety he suffered either was abnormal or caused his case prejudice. There is nothing in the
record to show that any witnesses forgot any details or otherwise became unavailable as a result of
the delay or that Appellant himself could not recall the events, because of the length of the delay. 
For that reason, the record as it stands is insufficient to show Appellant's defense was compromised
by the delay. The fourth factor favors a finding that Appellant's right to a speedy trial was not
violated.

 In conclusion, the length of the delay and, to a lesser extent, the reason for the delay, favor
Appellant's position that his right to a speedy trial was violated. However, the Appellant did not
introduce any evidence showing he suffered prejudice from the delay, and, when he asserted his right
to a speedy trial, he did so under the guise of a ground for dismissal, not a ground for an immediate
and prompt trial. Therefore, although we do not look with favor on the delay in bringing the case
to trial, it cannot be said that Appellant suffered a violation of his right to a speedy trial. Issue No.
One is overruled.

 In Issue No. Two, Appellant contends that the court erred by accepting his plea in the cocaine
case. (3) This issue is therefore not relevant to this case.

 Finally, Appellant asserts in Issue No. Three that the trial court abused its discretion in failing
to conduct a hearing on his pretrial motions. However, the State maintains that Appellant provided
no authority in support of this contention. We agree. The complaint is therefore waived, and we
overrule it. See Tex. R. App. P. 38.1(h) (an appellant's brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record); Coble
v. State, 871 S.W.2d 192, 202 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 829 (1994) (failure
to present any argument or authority on appeal waives the complaint). Issue No. Three is overruled. 
III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


September 25, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. At the same time, Appellant pleaded guilty in cause number 08-07-00229-CR, which was the companion case
in which he was charged with unlawful possession of cocaine in an amount less than one gram.
2. Appellant's assertions of indictment dates do not match the record, which reflects that he was indicted in July
of 2004 for possession of a firearm by a felon, and January 2004 for possession of cocaine. Other indictment information
is absent from the record.
3. Appellant filed a single brief, in which he presented his issues and arguments both with regard to this case
and to the cocaine possession case referenced in footnote 1. Our discussion regarding Issue No. Two is therefore limited
to, and contained in, the companion case released contemporaneously with this opinion.