Jeffery Alan HULL, Appellant,

v.

The STATE of Texas, Appellee.

No. 66266.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 2, 1985.

Rehearing Denied Nov. 20, 1985.

Bill B. Hart, Eastland, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

A jury convicted appellant of murder and assessed punishment at twelve years' confinement. Appellant asserts seven grounds of error. Because of our disposition of his speedy trial claim we need not address the other six grounds.

On October 20, 1977, appellant shot and killed his mother. He was arrested the same day. Appellant's trial began on January 22, 1980. He contends that his right to a speedy trial under the Texas and United States constitutions and under art. 32A.02, V.A.C.C.P. was violated. We will first consider appellant's contention under Art. 32A.02.

Appellant was arrested on October 20, 1977. The court ordered a mental examination of appellant. A hearing to determine competency was held on November 21, 1977, at which time a jury determined that appellant was incompetent to stand trial and that there was substantial probability that he would attain competency within the foreseeable future. Appellant was committed to Rusk State Hospital where he was treated for paranoid schizophrenia.

After receiving word from Rusk State Hospital in June, 1978, that appellant was

competent to stand trial, the court held a hearing to determine competency. On June 29, 1978, the court found appellant competent to stand trial.

At the hearing on appellant's speedy trial motion the district attorney, Emory Walton, testified that appellant's case was set for trial on November 21, 1977, on February 19, 1979, and on November 15, 1979. He said the State was ready for trial on all those dates as well as on June 29, 1978, the date on which appellant was found competent to stand trial. Walton testified that after June, 1978, he made numerous requests of the court to try the case, and that appellant and the State also jointly made requests that the case be tried. The judge then handling the case simply did not set it for trial, despite the repeated urgings of the State and appellant.

■ Appellant's contention is not one involving prosecutorial delay. Appellant contends that the court was responsible for the delay in trying him and that such delay prejudiced him and entitled him to a dismissal. Art. 32A.02, concerns prosecutorial delay rather than delay in the judicial process as a whole. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). Since the delay was due to the trial judge and not to the State, no excludable period provided in Sec. 4 of Art. 32A.02 is applicable. In any event, the prosecutor was ready to try appellant at all relevant times under Art. 32A.02.

We turn now to appellant's contention that his constitutional rights to a speedy trial were violated. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution as applied through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The same right is assured by Art. I, Sec. 10, of the Texas Constitution and Art. 1.05, V.A. C.C.P.

■ In *Barker v. Wingo*, supra, the United States Supreme Court established a balancing test and suggested four factors to consider in determining whether an accused has been denied a speedy trial. The factors, though not exclusive, are: (1) length of delay; (2) reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant resulting from the delay. See *Russell v. State*, 598 S.W.2d 238 (Tex.Cr.App.1980); *Ex Parte Beech*, 591 S.W.2d 502 (Tex.Cr.App.1980); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978); *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1977). We will review the facts in light of these factors.

## LENGTH OF DELAY

■ No specific length of delay automatically constitutes a violation of the right to speedy trial. The delay is measured from the time the defendant is formally accused or arrested. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In the instant case appellant was arrested on October 20, 1977, and was not tried until January 22, 1980, a delay of about two years and three months. This delay is sufficient to invoke speedy trial considerations. Cf. *Russell v. State*, supra; *Turner v. State*, supra.

## REASON FOR DELAY

The prosecutor testified that the State had been ready to try the case since November 21, 1977. After the hearing in June, 1978, at which appellant was found to be competent, the prosecutor repeatedly requested the judge to set the case for trial. Testimony from the district clerk of the court indicated that from June, 1978, through January, 1980, three civil jury trials and four criminal jury trials had been held in the court. One of the criminal cases had apparently lasted three or four months. No jury trials were held in June, July, August, September, October, or December of 1978. The clerk testified that the judge heard various motions, pleas, and non-jury proceedings—things that took

only a short time to dispose of—during those months until November, 1979, when he retired. Two months after his retirement appellant's case was tried.[1]

The prosecutor testified that he repeatedly asked the court to set appellant's case for trial, but that the judge never gave him any explanation "except that he had more pressing matters."

■ Certainly the eight month delay due to appellant's incompetency to stand trial does not infringe on his right to speedy trial. *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978). However, it appears that the reason for the remaining nineteen month delay in trying appellant was the trial judge's failure to set the case for trial. The reasons for his actions are not apparent in the record, although the court's docket was not overcrowded so as to prevent a trial.

### APPELLANT'S ASSERTION OF HIS RIGHTS

On February 9, 1979, a little over seven months after he was found to be competent, appellant filed a motion to set aside the indictment for failure to provide a speedy trial. The court never ruled on the motion. On January 17, 1980, appellant filed a supplemental motion, noting that no order was issued upon his first motion, and further noting that of the four criminal jury trials that had been tried since he was found competent, all of the offenses involved had been committed after October 20, 1977, the date of his arrest. In addition, at the hearing on appellant's motion, the prosecutor testified that on numerous occasions he and defense counsel spoke with the court to try to get the case set for trial. The record demonstrates that appellant actively and persistently sought to get his case tried and that he desired a speedy

trial. Appellant clearly asserted his right to speedy trial, and, failing to be afforded one, he sought a dismissal.

### PREJUDICE TO APPELLANT

In *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. at 2193, the Supreme Court identified three interests which the speedy trial right is designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.

The third interest mentioned—impairment of an accused's defense—has been one of the more weighty factors. *Barker v. Wingo,* supra. In the instant case appellant does not point to any specific instances of impairment. However, we note that appellant's defense was insanity and proof of such a defense may be hindered by delay. Appellant filed notice of intent to raise an insanity defense as early as June 29, 1978. The impact of testimony relating to an event that occurred over two years prior to trial is undoubtedly reduced. As the Ninth Circuit noted in addressing a speedy trial claim involving a period of incompetency and an insanity defense:

"When prosecution is delayed because of the accused's mental incapacity to stand trial, the difficulty of determining whether the accused was mentally responsible at the time of the crime is increased. Passage of time makes proof of any fact more difficult. When the fact at issue is as subtle as a mental state, the difficulty is immeasurably enhanced." *Williams v. United States,* 102 U.S.App.D.C. 51, 250 F.2d 19, 22–23 (1957).

*United States v. Geelan,* 520 F.2d 585 (9th Cir.1975). Thus, it is almost inevitable that some prejudice to appellant's defense resulted from the delay.

1. Although its significance is not explained, at the hearing on his motion, appellant introduced an order signed by the judge shortly before he retired which read:

On this the 15th day of November, 1979, it is the order of the Court that all criminal cases prior to Case No. 13,253, with the exception of

No. 12,936, [appellant's case] on the docket of the 91st District Court of Eastland County, Texas, not heretofore disposed of, be and they are hereby on the Court's motion, dismissed for the reason that due to lack of witnesses and the law as presently existing, the said cases are not subject to prosecution.

Recent Supreme Court cases have backed away from emphasizing this third interest. Emphasis is being placed on the second enumerated interest—anxiety and concern of the accused.

... [t]he major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*United States v. Marion,* 404 U.S. at 320, 92 S.Ct. at 463. · See also *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

This consideration is a more difficult one to evaluate. In almost every case, the accused will be prejudiced by the anxiety and suspicion hanging over him because of a pending charge. The extent and effect of this varies from case to case. Nevertheless, it is an important factor to weigh. See *Barker v. Wingo,* 407 U.S. at 533, 92 S.Ct. at 2193.

Appellant introduced an affidavit stating that because of the pending case he was not admitted to Junior College; that he had trouble getting a job; that the Army would not consider his application while the charge was pending; and that his life was threatened because someone assumed he was guilty since he had not had the opportunity to prove his innocence.

The State disputed the fact that he could not get into college, stating that the Dean of the Junior College inquired as to appellant's eligibility. The prosecutor also said that in every other felony case in which an accused tried to get into the service a recruiter contacted him to verify the charge. No recruiter contacted his office in regard to appellant.

Appellant alleges some prejudice, most of which would be considered personal prejudice. See *Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192. The allegations must be given some weight in the balancing process of a speedy trial contention.

The first interest—lengthy pretrial incarceration—is not a significant factor in the instant case. Appellant was released on bond on August 28, 1978, after spending about two months in jail after he was found to be competent. He remained free on bond for the ensuing nineteen months prior to trial.

## CONCLUSION

■ Having set out the facts as to the four factors discussed in *Barker v. Wingo,* supra, we now "engage in a difficult and sensitive balancing process" in which none of the four factors is necessary or sufficient to a finding of deprivation of the right to speedy trial. *Barker v. Wingo,* 407 U.S. at 533, 92 S.Ct. at 2193.

In the instant case there was a delay of about two years and three months between arrest and trial. Eight months of the delay can be attributed to the competency proceedings. The remaining nineteen months are essentially unexplained except that the trial judge did not set the case for trial for reasons apparently known only to himself and having nothing to do with the state of the docket. Appellant brought his claim to the attention of the trial court. He repeatedly attempted to "have his day in court" and was joined in the attempt by the State. In fact, the instant case is almost the reverse of *Barker v. Wingo,* wherein great emphasis was placed on the showing of the defendant's desire to delay when balancing the factors and finding that Barker was not deprived of his right to a speedy trial. Appellant, unlike Barker, constantly attempted to obtain a speedy trial, and such factor is deserving of greater weight in light of another factor, the absence of any explanation for the failure by the court to accord him a speedy trial. Finally, appellant has made some showing of personal prejudice such as anxiety, con-

cern, and the rather intangible consideration of public scorn that accompanies pending criminal charges.

The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*United States v. MacDonald,* 456 U.S. at 8, 102 S.Ct. at 1502. Further, as mentioned previously, appellant's defense was insanity and proof of any fact is difficult after passage of time, but " '... [w]hen the fact at issue is as subtle as a mental state, the difficulty is immeasurably enhanced....' "

On balance appellant has met the four factors upon which a determination of speedy trial rests. Of some significance and deserving greater weight are appellant's repeated attempts to obtain a speedy trial and the essentially unexplained nineteen month delay attributable to the court. There is at least an inference that the judge simply did not want to try the case and even may have had to dismiss other cases filed prior to and after appellant's case for speedy trial reasons. These factors tip the scale in favor of appellant, even though the showing of prejudice is slight. The protections and considerations of the constitutional right to a speedy trial are strongly implicated in the instant case where appellant persisted in his right and was thwarted. Resolution of the case is preferable to the continued disruption and public scorn to which a defendant can be subjected. We hold that appellant was denied his right to speedy trial. Cf. *Phillips v. State,* 650 S.W.2d 396 (Tex.Cr.App.1983); *Turner v. State,* supra; and *Barker v. Wingo,* supra.

The conviction is reversed and the prosecution ordered dismissed.