# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00409-CR

**The State of Texas, Appellant**

**v.**

**John Thomas Shewmaker, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 03-0178-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The State appeals an order granting appellee John Thomas Shewmaker's motion to dismiss for failing to provide a speedy trial. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2004). We will affirm the order.

Our summary of the relevant facts is primarily based on the trial court's written findings, which are not disputed. Shewmaker, a resident of Dallas County, was ticketed for speeding in Williamson County on February 11, 1997. He timely appeared in the justice of the peace court, entered his plea of not guilty, and requested a jury trial. Shewmaker was subsequently notified in writing that a docket call was scheduled for May 29, 1997. Due to inclement weather, the court rescheduled the docket call for June 19, 1997. Because he was traveling on business, Shewmaker did not receive notice of the new setting until the morning of June 19. That day, he called the clerk

of the justice of the peace to explain his absence. In its findings, the county court at law notes that "Shewmaker contends he told the court staff he would not be able to attend the trial setting and requested either another setting or a dismissal." On July 11, 1997, the justice of the peace issued a warrant for Shewmaker's arrest based on his failure to appear on June 19. Shewmaker was not notified of the warrant, and there is no evidence that the State made any effort to execute the warrant. Shewmaker's address has never changed during the pendency of this cause, and there is no evidence that he sought to evade detection by the State.

There was no further activity in this cause until October 29, 2001, when Shewmaker was arrested on the failure to appear warrant in Grimes County after a traffic stop. The justice of the peace court subsequently set the cause for a docket call on February 28, 2002. The docket call was reset twice, at least once at Shewmaker's request, and the cause was ultimately set for trial on December 5, 2002. On that date, a jury found Shewmaker guilty of speeding and assessed a $200 fine. Shewmaker asserts in his brief that, before trial, he orally requested the justice of the peace court to dismiss the cause on speedy trial grounds. As the county court at law found, however, there is no record of this request.

Shewmaker perfected his appeal de novo to the county court at law. On March 25, 2003, he filed in that court a written motion to dismiss for want of a speedy trial. A hearing on the motion was held on April 15. Shewmaker asserted at the hearing that he had been unaware of the warrant issued for his arrest by the justice of the peace court. Because that court did not contact him after June 19, 1997, he assumed the cause had been dismissed. He claimed to have been harmed by his arrest on the warrant and by the monetary expenses incurred during repeated trips from his home

2

to Williamson County during the course of this proceeding. At the conclusion of the hearing, the county court at law overruled the motion to dismiss.

The court immediately proceeded to try and convict Shewmaker on the speeding charge. The court assessed a $75 fine. Shewmaker filed a motion for new trial asserting several grounds, including the denial of a speedy trial. *See State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993) (trial court may grant new trial in interest of justice for reason not enumerated in appellate rules); *State v. Evans*, 843 S.W.2d 576, 578-79 (Tex. Crim. App. 1992) (same). The motion was heard by the court on June 2, 2003. At the hearing, the State announced that it favored granting the motion, albeit on an alternative ground. On June 18, 2003, the court signed orders granting both the motion for new trial and the motion to dismiss. Both orders rested on the court's conclusion that Shewmaker's right to a speedy trial was violated. The State appeals the dismissal order.

The State first claims that the court procedurally erred because Shewmaker's motion for new trial did not seek a reconsideration of the speedy trial issue, the court was not authorized to dismiss the prosecution on its own motion, and there was insufficient notice that the speedy trial issue would be considered. Contrary to the State's argument, Shewmaker's motion for new trial expressly raised the speedy trial issue; the court did not act on its own motion. The State did not complain below of insufficient notice. The State's procedural arguments are without merit. We turn to the merits of Shewmaker's speedy trial claim.

The right to a speedy trial is constitutionally guaranteed. U. S. Const. amend. VI; Tex. Const. art. I, § 10; *see Barker v. Wingo*, 407 U.S. 514 (1972); *Hull v. State*, 699 S.W.2d 220,

3

221 (Tex. Crim. App. 1986). In determining whether a defendant has been denied this right, a court must balance four factors: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker*, 407 U.S. at 530; *Johnson v. State*, 954 S.W.2d at 770, 771 (Tex. Crim. App. 1997). Although we are bound by the trial court's findings of fact absent an abuse of discretion, we review de novo the trial court's application of the law to the facts. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002); *Johnson*, 954 S.W.2d at 771.

***Length of delay.*** Shewmaker was tried in the justice of the peace court almost six years after being charged with speeding. The trial de novo was held four months later. This delay is far longer than the minimum needed to trigger a speedy trial inquiry, and it weighs heavily against the State. *Zamorano*, 84 S.W.3d at 649.

***Reason for delay.*** Shewmaker's case was originally docketed in the justice of the peace court for May 29, 1997, only three months after he was ticketed. The record shows that the court rescheduled the matter to June 19 due to bad weather. This was a justifiable reason that does not weigh against the State. The State made no effort, however, to justify the four-and-a-half-year delay from June 19, 1997, to February 28, 2002, when the case was next placed on the docket of the justice of the peace. We must presume that there was no valid reason for this delay. *See Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976) (State bears burden of justifying delay). The subsequent resettings leading to the trial date of December 5, 2002, were at least partly at Shewmaker's request. In short, most of the delay in this cause was unjustified. This also weighs against the State.

*Assertion of right.* The responsibility to assert the speedy trial right lies with the accused. *Barker*, 407 U.S. at 531. Shewmaker claims to have orally requested a speedy trial during his telephone call to the justice of the peace court on June 19, 1997, but there is no record of this. After June 19, 1977, Shewmaker made no effort to contact the justice of the peace court about this cause until he was arrested in October 2001 for failing to appear. Shewmaker first asserted his right to a speedy trial in writing on March 25, 2003, when he filed his motion to dismiss in the county court at law. Shewmaker's quiet acquiescence in the justice of the peace court's failure to reschedule the cause between June 1977 and October 2001 weighs against him.

*Prejudice.* The speedy trial right serves to prevent oppressive pretrial incarceration, minimize anxiety and concern resulting from the pending charges, and limit the possible impairment of the defense. *Id.* at 532. Shewmaker was never incarcerated for speeding. He was briefly jailed after being arrested for failing to appear, but this is not attributable to the delay in trying the speeding charge. Shewmaker claims to have been "frustrated" by the delay, but there is no evidence that the untried speeding ticket gave rise to a significant level of anxiety or concern on his part. Shewmaker does not claim that his defense was impaired beyond the fading of his and the ticketing officer's memories. The record reflects, however, that the traffic stop was videotaped, and the tape was admitted in evidence. Shewmaker, who is an inactive attorney, effectively used the videotape to cross-examine the officer. Shewmaker also asserts prejudice in the form of the time and expense expended in his repeated trips between his home and Williamson County during the course of these proceedings. None of these trips was attributable to the unjustified delay in his trial, however. In

summary, Shewmaker failed to demonstrate prejudice arising from the delay of his speeding trial. This weighs against a finding of a constitutional violation.

*Balancing.* No single factor is dispositive in evaluating a speedy trial claim. *Id.* at 533. In this cause, two of the *Barker* factors weigh against the State, while the other two weigh against Shewmaker. Although the balance is a close one, we conclude on this record that the inordinate and unjustified delay of Shewmaker's trial outweighs his untimely assertion of the speedy trial right and his failure to show significant prejudice.

The county court at law's dismissal order is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   March 25, 2004

Do Not Publish

6