COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



REFUGIO PADILLA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00092-CR



Appeal from the


41st District Court


of El Paso County, Texas


(TC#20040D00148)



O P I N I O N


 This is an appeal from a conviction for the offense of burglary of a building. Appellant
pleaded guilty to the court, and the court assessed punishment at two years' imprisonment. (1)

I. SUMMARY OF THE EVIDENCE


 On August 20, 2003, Appellant committed the present offense of burglary of a building. The
grand jury returned an indictment, and a capias warrant was issued on January 16, 2004. Appellant
was arrested on March 5, 2004. On March 25, 2004, attorney Mario Trillanes was appointed to
represent Appellant. Notwithstanding the fact that he was represented by Trillanes, Appellant filed
a pro se motion to suppress the evidence on April 7, 2004, and he filed a pro se motion for discovery
and inspection on May 17, 2004.

 On May 17, 2004, the State issued nine subpoenae in preparation for trial. On July 1, 2004,
attorney Trillanes filed a motion to withdraw, claiming that fundamental and unalterable
disagreements existed between him and Appellant over the conduct of the defense and the objectives
that should be pursued in preparing and presenting the defense. Appellant filed a pro se motion to
dismiss for failure to provide a constitutional speedy trial on August 25, 2004. On September 14,
2004, Appellant filed a pro se application to proceed in forma pauperis. On the same day, he filed
a pro se petition for writ of mandamus, requesting that his cases be dismissed for lack of a speedy
trial.

 The court appointed Clara Hernandez, El Paso County Public Defender, to represent
Appellant on October 6, 2004. On November 17, 2004, Appellant filed a pro se motion to reduce
bond or to release defendant on personal recognizance bond. He filed a pro se motion to suppress
the evidence and statements/request for hearing on November 29, 2004.

 On January 4, 2005, the State filed its first and second amended notices of extraneous
offenses, listing Appellant's nine previous convictions and the three pending charges. Prior to the
trial setting of January 25, 2005, attorney Elizabeth Sanchez, assistant public defender, filed a motion
to withdraw, stating that Appellant had refused to speak with her when she went to visit him at the
jail. She stated that a hearing was set for January 15, 2005, and a trial was set for January 25, 2005. 
On April 13, 2005, Appellant filed a letter, attaching as exhibits copies of motions he had previously
filed.

 On June 28, 2005, the court substituted Dereck Wyatt to represent Appellant. Wyatt obtained
a court order for a mental-health/mental-retardation examination of Appellant. On July 1, 2005,
Wyatt filed a motion for a speedy trial, requesting an immediate trial setting. On July 6, 2005,
Appellant filed a pro se motion for rehearing of his application for writ of mandamus, in which he
faulted his prior attorneys for not filing motions that he had requested be filed. He also challenged
the enhancement paragraphs in his pending theft cases.

 On March 13, 2006, Appellant pleaded guilty pursuant to a plea bargain, and his punishment
was assessed at two years' imprisonment, to run concurrently with his two other pending cases. 
Appellant was granted 738 days of jail-time credit.

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred in failing to dismiss the
case for lack of a speedy trial. Specifically, Appellant calculates the delay to be over two years and
six months and that such delay denied him a speedy trial in contravention of the federal and state
constitutions. The right to a speedy trial is guaranteed by the federal and Texas constitutions. See
U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; Klopfer v. North Carolina, 386 U.S. 213,
223-24, 87 S. Ct. 988, 993-94 (1967); Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App. 1985). 
On review, we balance four factors when analyzing the trial court's decision to grant or deny a
speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's
assertion of his right; and (4) any prejudice that results to the defendant. Barker v. Wingo, 407 U.S.
514, 530, 92 S. Ct. 2182, 2192 (1972); Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994),
cert. denied, 513 U.S. 1192, 115 S. Ct. 1257 (1995). No single factor is a necessary or sufficient
condition to the finding of a deprivation of the right of speedy trial. Barker, 407 U.S. at 533, 92 S.
Ct. at 2193. Instead, the factors are related and must be considered together, along with such other
circumstances as may be relevant. Id.; Palacios v. State, 225 S.W.3d 162, 166-67 (Tex. App.--El
Paso 2005, pet. ref'd).

 We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex. Crim. App. 2002). This means that we independently weigh and balance the Barker
factors, but we engage in the presumption that the trial court resolved any disputed fact issues in a
manner that supports its ruling. See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App.
1999). Stated in another manner, we review legal issues de novo, but give deference to a trial court's
resolution of factual issues, including deference to the trial court's drawing of reasonable inferences
from the facts. Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); Palacios, 225 S.W.3d
at 167.

A. Length of the Delay


 Regarding the first factor in the Barker analysis, the length of delay is measured from the
time the defendant is arrested or formally accused. United States v. Marion, 404 U.S. 307, 313, 92
S. Ct. 455, 459 (1971). The length of the delay is, to some extent, a triggering mechanism, so that
a speedy trial claim will not be heard until passage of a period of time that is prima facie
unreasonable under the circumstances. Doggett v. United States, 505 U.S. 647, 651-52, 112 S. Ct.
2686, 2690-91 (1992); Barker, 407 U.S. at 530, 92 S. Ct. at 2192. "If the accused makes this
showing, the court must then consider, as one factor among several, the extent to which the delay
stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett,
505 U.S. at 652, 112 S. Ct. at 2691. The presumption that pretrial delay has prejudiced the accused
intensifies over time, so that the longer the delay beyond that which is ordinary, the more prejudicial
that delay is to the defendant. Zamorano, 84 S.W.3d at 649. In general, delay approaching one year
is sufficient to trigger a speedy trial inquiry. Doggett, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1;
Dragoo v. State, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

 In the instant case, Appellant was indicted on January 15, 2004, and arrested on March 5,
2004. Clearly, the length of delay was well beyond that required to trigger an inquiry, (2) and this
factor is weighed heavily against the State. See Zamorano, 84 S.W.3d at 649.

B. Reason for the Delay


 The next Barker factor is the reason for the delay. The State has the initial burden of
justifying a lengthy delay. Emery, 881 S.W.2d at 708; Lott v. State, 951 S.W.2d 489, 493 (Tex.
App.--El Paso 1997, pet. ref'd). In examining the reasons for the delay, we accord different weights
to various reasons. Barker, 407 U.S. at 531, 92 S. Ct. at 2192; Emery, 881 S.W.2d at 708. A
deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against
the State. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Conversely, valid reasons are not weighed
against the State at all. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Further, delay that is attributable
in whole or in part to the defendant may constitute a waiver of the speedy trial claim. Munoz, 991
S.W.2d at 822. When the record is silent as to the reason for the delay, we may presume neither a
valid reason nor a deliberate attempt to prejudice the defense. Dragoo, 96 S.W.3d at 314. If an
accused's own actions constitute the majority of the reason for the delay in trial, this factor weighs
against his speedy trial claim. See Love v. State, 909 S.W.2d 930, 947 (Tex. App.--El Paso 1995,
pet. ref'd).

 In the instant case, it appears that a substantial part of the delay is attributable to Appellant's
conflicts and disagreements with his appointed attorneys. It appears that a trial date was set on two
occasions, and, on each occasion, the attorneys sought and obtained leave to withdraw, due to
conflict with Appellant. Appellant continued to file pro se motions after the appointment of each
of the three attorneys. It is clear that the reasons for the delays incurred in his case's coming to trial
are attributable in large measure to Appellant's actions, and we weigh this factor significantly against
him.

C. Assertion of the Right


 The third factor that a trial court must consider is the defendant's assertion of his right to a
speedy trial. Munoz, 991 S.W.2d at 825. A defendant is responsible for asserting or demanding his
right to a speedy trial. Id. A lengthy delay or a lack of persistence in asserting the right attenuates
a speedy trial claim. Russell v. State, 90 S.W.3d 865, 873 (Tex. App.--San Antonio 2002, pet. ref'd). 
Similarly, a defendant's request for dismissal, rather than for a prompt trial setting, may attenuate
the strength of his speedy trial complaint. Palacios, 225 S.W.3d at 168. A defendant's failure to
assert his right to a speedy trial is not necessarily dispositive of his claim. Munoz, 991 S.W.2d at
825. Instead, a defendant's failure to assert his right is weighed and balanced with the other Barker
factors, although it makes it more difficult for him to prove that he was denied a speedy trial. Id.

 Appellant's first motion that requested a dismissal of the indictment on speedy trial grounds
was filed on August 25, 2004. Rather than requesting a trial setting, Appellant requested that the
case be dismissed. In his subsequent pro se motions for speedy trial and his petition for writ of
mandamus, he requested only a dismissal of the indictment. The only request for a trial setting is
found in the last speedy trial motion filed by his attorney on July 1, 2005. (3)
 We find that this factor
should be weighed against Appellant.

D. Prejudice Resulting from Delay


 The final factor we must analyze regards what prejudice Appellant suffered as a result of the
delay. In some cases, the delay may be so excessive as to be presumptively prejudicial. Guajardo
v. State, 999 S.W.2d 566, 570 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Yet even where
the delay is presumptively prejudicial, the defendant must nevertheless show that he has been
prejudiced. Id. A showing of actual prejudice is not required; however, a defendant must make a
prima facie showing of prejudice which was caused by the delay of the trial. Munoz, 991 S.W.2d
at 826. Once the defendant has made such a showing, the burden shifts to the State. Guajardo, 999
S.W.2d at 570-71. However, the presumption of prejudice is diminished by the defendant's
acquiescence in the delay. Barker, 407 U.S. at 534-36, 92 S. Ct. at 2194-95; Doggett, 505 U.S. at
658, 112 S. Ct. at 2694; Dragoo, 96 S.W.3d at 315.

 The prejudice to the defendant is assessed in the light of the interests which the speedy trial
right is designed to protect, to wit, preventing oppressive pretrial incarceration, minimizing the
anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. 
Munoz, 991 S.W.2d at 826. Of these interests, the third is the most important, because the inability
of a defendant adequately to prepare his case skews the fairness of the entire system. Barker, 407
U.S. at 532, 92 S. Ct. at 2193; Doggett, 505 U.S. at 654, 112 S. Ct. at 2692; Dragoo, 96 S.W.3d at
315.

 With regard to preventing oppressive pretrial incarceration, Appellant was arrested on
March 5, 2004, and he pleaded guilty on March 13, 2006. As his pretrial incarceration lasted over
two years, there is a prima facie showing of oppressive pretrial incarceration. See Munoz, 991
S.W.2d at 828. 

 The second consideration, minimizing the defendant's pretrial anxiety and concern, is not
addressed specifically in Appellant's brief; rather, he makes a general reference to his pro se
motions, asserting that they are replete with references to his anxiety and concern about losing
favorable witnesses. However, when the defendant's claim of prejudice is based upon the
unavailability of a witness, the defendant must show (1) that the witness was unavailable when he
was tried, (2) that his testimony may have been relevant and material to his defense, and (3) that he
exercised due diligence in locating the witness. McCarty v. State, 498 S.W.2d 212, 218 (Tex. Crim.
App. 1973); Clarke v. State, 928 S.W.2d 709, 716 (Tex. App.--Fort Worth 1996, pet. ref'd). 
Appellant has failed to demonstrate these factors.

 Regarding the last and most important consideration, the impairment of his defense,
Appellant does not offer any indication of how his defense was impaired, other than to make
generalized, conclusory claims about losing (unidentified) witnesses or about witnesses' losing their
memory. This is inadequate to show prejudice with regard to impairment of his defense. Clarke,
928 S.W.2d at 716.

 On balance, we find that Appellant has not established that he was prejudiced by the delay. 
To the extent that he established a presumption of prejudice, the presumption is diminished by his 
lack of cooperation with his successive attorneys, and this factor weighs against Appellant.

 Therefore, balancing the Barker factors, we conclude that defendant's right to a speedy trial
was not violated. Appellant's sole issue is overruled.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


August 30, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. In a joint hearing, Appellant also pleaded guilty in two companion cases. In case No. 08-06-00091-CR,
Appellant pleaded guilty to the offense of theft under $1,500, enhanced, and the court assessed punishment at two years'
imprisonment. In case No. 08-06-00093-CR, Appellant pleaded guilty to another theft under $1,500, enhanced. The
court assessed punishment at two years' imprisonment. All three sentences were to run concurrently. 
2. In its Brief, the State "concedes that the length of delay . . . between the date of indictment and the date of
trial triggers consideration of the remaining three Barker factors." 
3. The trial court was not required to consider pro se pretrial motions which Appellant filed while he was
represented by counsel. Meyer v. State, 27 S.W.3d 644, 648 (Tex. App.--Waco 2000, pet. ref'd). This Court was
likewise not required to consider pro se petitions for a writ of mandamus which he filed while represented by counsel. 
See Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106, 116 S. Ct. 1323 (1996);
Gray v. Shipley, 877 S.W.2d 806 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding); see also In re Flores, 2007
WL 1098288 (Tex. App.--El Paso Apr. 12, 2007, orig. proceeding) (mem. op., not designated for publication).