NO. 07-08-0009-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 15, 2008

______________________________


THE STATE OF TEXAS, APPELLANT

V.

ROBERT ROY GILLINGHAM, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF JOHNSON COUNTY;

NO. M200701578; HONORABLE JERRY D. WEBBER, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION
 
          The State seeks to have this Court overturn the trial court’s order granting
Appellee’s motion to discharge for delay. By one multifarious point of error, the State
contends Appellee’s motion was (1) untimely and (2) without notice to the State; and, the
trial court’s order was (3) not supported by the record, and (4) incorrect under the
applicable law. Finding that the trial court’s order is supported by the record and the
applicable law, we affirm.
Background
          On May 25, 2007, Appellee, Robert Roy Gillingham, was charged by information
with the misdemeanor offense of assault against a family member, an offense that was
alleged to have occurred on August 15, 2005. A bench trial commenced on November 29,
2007. Subsequent to the reading of the information and the entry of Appellee’s plea of not
guilty, Appellee’s counsel made an oral motion to the effect that the prosecution was
barred because a court had previously taken the offense into account when, on October
4, 2006, Appellee was convicted of interfering with a 911 call, another offense arising out
of the same facts and involving the same complaining witness, Appellee’s wife. See Tex.
Penal Code Ann. § 12.45(d) (Vernon 2007). The State did not object to the fact that the
motion was not in writing or to the timeliness of the motion. 
          Following a recess, presumably to review the transcript of the prior proceeding, the
court reconvened and announced that there was “some question” as to whether the case
at bar was addressed in that prior proceeding. Upon inquiry as to whether there was
anything further Appellee wished to present to the trial court, Appellee’s counsel stated:
Yes, Your Honor. We would ask the Court to consider a discharge for delay
under Article 28.061. If a motion to set aside an Indictment, Information, or
Complaint for failure to provide a speedy trial is sustained, the Court shall
discharge the defendant.
 
          Again, the State did not object to the fact that this motion was not in writing or to its
timeliness. At that point, the trial court heard evidence from Appellee’s wife to the effect
that, at the time of the prior proceeding on October 4, 2006, it was her understanding and
desire that all charges against Appellee were to be dismissed when the court convicted
Appellee of the offense of interfering with a 911 call.
          Following presentation of testimony, the trial court granted Appellee’s motion for
discharge based upon delay. The State gave timely notice of appeal. 
Discussion
I.        Standard of Review
          When reviewing a trial court’s ruling on a motion for speedy trial, this Court uses a
bifurcated standard of review. Cantu v. State, No. PD-1176-07, 2008 WL 1958983, at *4
(Tex.Crim.App. May 7, 2008) (citing Zamorano v. State, 84 S.W.3d 643, 648
(Tex.Crim.App. 2002)). This Court applies an abuse of discretion standard for factual
components and a de novo standard for the legal components. Cantu, 2008 WL 1958983,
at *4. Those standards are well established and a detailed recitation of those standards
need not be repeated here. It is sufficient to note that the trial court’s ruling will be affirmed
only if it is supported by the record and is correct under the applicable law. Shaw v. State,
117 S.W.3d 883, 889 (Tex.Crim.App. 2003).
 

II.       Timeliness of the Motion and Lack of Notice
          By its first argument, the State maintains that it did not receive proper notice of
Appellee’s motion to dismiss for delay because article 27.10 of the Texas Code of Criminal
Procedure mandates that all motions to set aside an information be in writing, and
Appellee’s motion was orally made. Secondly, the State maintains that the motion was
untimely because it was never raised until after the trial had started in violation of section
2 of article 28.01 which requires that matters not raised or filed seven days before the
hearing will not thereafter be allowed to be raised or filed, except by permission of the court
for good cause shown. However, these arguments were never presented to the trial court
and no objection was ever made. Therefore, the State waived those objections. Tex. R.
App. P. 33.1(a). Martinez v. State, 91 S.W.3d 331, 335-36 (Tex.Crim.App. 2002).
III.      Unsupported by the Facts and the Applicable Law
          The Sixth Amendment to the United States Constitution guarantees an accused the
right to a speedy trial. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972). This right is applicable to state criminal prosecutions by virtue of the Due Process
Clause of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 223, 87
S.Ct. 988, 18 L.Ed.2d 1 (1967). In addition, Article I, § 10 of the Texas Constitution
guarantees the accused the right to a speedy and public trial in all criminal prosecutions. 
Tex. Const. art. I, § 10; Hull v. State, 699 S.W.2d 220, 221 (Tex.Crim.App. 1985).
          Supreme Court precedent dictates that the trial court should analyze a speedy trial
claim “on an ad hoc basis” by weighing and then balancing the four Barker v. Wingo 
factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4)
prejudice to the accused. Cantu, 2008 WL 1958983, at *3. While review of the individual
Barker factors necessarily involves both fact determinations and legal conclusions, “[t]he
balancing tests as a whole . . . is a purely legal question.” Zamorano, 84 S.W.3d at 648,
n.19. 
          After a balancing of the Barker factors, dismissal of the charging instrument is
mandated only upon a finding that the accused’s actual and asserted interest in a speedy
trial has been violated and that the accused has been prejudiced by that violation. Cantu,
2008 WL 1958983, at *3. Because the trial court granted Appellee’s motion, we presume
that the trial judge resolved any disputed fact issues in Appellee’s favor, and we defer to
the implied findings of fact that the record supports. Cantu, 2008 WL 1958983, at *5.
A.       Length of the Delay
          The first Barker factor, the length of the delay, is measured from the time the
accused is arrested or formally charged until the time the accused asserts his right to a
speedy trial. United States v. Marion, 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468
(1971). The record in this case does not establish when Appellee was arrested; however,
it does support an implied finding that he was arrested on or near the date of the alleged
offense, August 15, 2005. Furthermore, the record clearly supports a finding that Appellee
was in custody on February 11, 2006, when he made bond. Considering the fact that
charges were not formally filed until May 25, 2007, there was a delay of not less than 15
months from the time of arrest until the presentment of formal charges; and, considering
the fact that Appellee’s motion for dismissal was made on November 29, 2007, there was
an undisputed delay of not less than 21 months from the time of arrest until the date
Appellee asserted his right to a speedy trial.
          Analysis of the remaining Barker factors is triggered by a delay that is unreasonable
enough to be “presumptively prejudicial.” Doggett v. United States, 505 U.S. 647, 652 n.1,
112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). There is no set time element that triggers the
analysis, however, a seventeen-month delay has been held to be sufficient to warrant a full
analysis of the Barker factors. Phillips v. State, 650 S.W.2d 396, 399 (Tex.Crim.App.
1983). Under the facts of this case, we cannot say that the trial court abused its discretion
in determining that the delay was presumptively prejudicial, thereby resolving the delay
factor in favor of Appellee and warranting analysis of the three remaining Barker factors.
B.       Reason for the Delay
          Once the trial court determines that a delay was presumptively prejudicial, the
burden shifts to the State to justify the delay. Turner v. State, 545 S.W.2d 133, 137-38
(Tex.Crim.App. 1976). Under Barker, “different weights” should be attributed to this factor
depending upon the different reasons for the delay. Barker, 407 U.S. at 531; State v.
Munoz, 991 S.W.2d 818, 822 (Tex.Crim.App. 1999).
          It is undisputed that the facts giving rise to the underlying information arose out of
the same facts that gave rise to the offense of interfering with a 911 call, the offense to
which Appellee entered a plea on October 4, 2006. More than any other factor, the delay
in the prosecution of the underlying charge appears to have arisen from the State’s failure
to timely file the information until after the date of Appellee’s prior plea. Under those
circumstances, the trial court’s resolution of this factor in favor of Appellee was not an
abuse of discretion.
C.       Assertion of the Right
          The third factor a reviewing court must consider in accordance with Barker is the
accused’s assertion of his right to a speedy trial. The accused has no duty to bring himself
to trial; that is the State’s duty. Cantu, 2008 WL 1958983, at *5. However, the failure of
the accused to diligently seek a speedy trial will generally weaken his speedy trial claim. 
Id. In this case, Appellee did not assert his right to a speedy trial until after
commencement of his trial. While this factor weighs heavily against Appellee, we note that
no single factor is determinative because the Court must “engage in the difficult and
sensitive balancing process” in each individual case. Zamorano, 84 S.W.3d at 648
(quoting Barker, 407 U.S. at 530).
 

D.       Prejudice to the Accused
          In considering the fourth Barker factor, the court must consider whether the delay
caused prejudice to the accused. In this case, Appellee claims that his defense was
impaired because if the case had been timely filed with the County Attorney’s Office, the 
prosecution of this case would have been barred because a court would have taken the
offense into account when, on October 4, 2006, Appellee was convicted of interfering with
a 911 call, because that offense arose out of the same facts and involved the same
complaining witness, Appellee’s wife. See § 12.45(d). 
          Impairment of a defense is considered to be the “most serious” way in which delay
might prejudice an accused because the inability of a defendant to adequately prepare a
defense places into question the fairness of the entire system. Barker, 407 U.S. at 532. 
From the testimony given at the hearing on Appellee’s motion to dismiss, it is clear that the
complaining witness, Appellee’s wife, believed that the facts giving rise to the present
prosecution were going to be considered by the court at the October 4, 2006 hearing. But
for the delay in presenting the information, Appellee would have had an absolute defense
pursuant to the provisions of § 12.45(c) of the Texas Penal Code. Considering the trial
court’s earlier consideration of Appellee’s plea in bar, it is not unreasonable to conclude
that the trial court gave great emphasis to this factor.
 

Conclusion
          Having conducted a review of the four Barker factors, we believe the trial court’s
decision to grant Appellee’s motion to dismiss for delay is supported by the record and the
applicable law. Accordingly, the State’s point of error is overruled and the judgment of the
trial court is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice



Do not publish.