NO. 07-08-0009-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 15, 2008

_____

THE STATE OF TEXAS, APPELLANT

V.

ROBERT ROY GILLINGHAM, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF JOHNSON COUNTY;

NO. M200701578; HONORABLE JERRY D. WEBBER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

The State seeks to have this Court overturn the trial court's order granting Appellee's motion to discharge for delay. By one multifarious point of error, the State contends Appellee's motion was (1) untimely and (2) without notice to the State; and, the trial court's order was (3) not supported by the record, and (4) incorrect under the

applicable law. Finding that the trial court's order is supported by the record and the applicable law, we affirm.

## Background

On May 25, 2007, Appellee, Robert Roy Gillingham, was charged by information with the misdemeanor offense of assault against a family member, an offense that was alleged to have occurred on August 15, 2005. A bench trial commenced on November 29, 2007. Subsequent to the reading of the information and the entry of Appellee's plea of not guilty, Appellee's counsel made an oral motion to the effect that the prosecution was barred because a court had previously taken the offense into account when, on October 4, 2006, Appellee was convicted of interfering with a 911 call, another offense arising out of the same facts and involving the same complaining witness, Appellee's wife. *See* Tex. Penal Code Ann. § 12.45(d) (Vernon 2007). The State did not object to the fact that the motion was not in writing or to the timeliness of the motion.

Following a recess, presumably to review the transcript of the prior proceeding, the court reconvened and announced that there was "some question" as to whether the case at bar was addressed in that prior proceeding. Upon inquiry as to whether there was anything further Appellee wished to present to the trial court, Appellee's counsel stated:

> Yes, Your Honor. We would ask the Court to consider a discharge for delay under Article 28.061. If a motion to set aside an Indictment, Information, or Complaint for failure to provide a speedy trial is sustained, the Court shall discharge the defendant.

2

Again, the State did not object to the fact that this motion was not in writing or to its timeliness. At that point, the trial court heard evidence from Appellee's wife to the effect that, at the time of the prior proceeding on October 4, 2006, it was her understanding and desire that all charges against Appellee were to be dismissed when the court convicted Appellee of the offense of interfering with a 911 call.

Following presentation of testimony, the trial court granted Appellee's motion for discharge based upon delay. The State gave timely notice of appeal.

**Discussion**

**I.     Standard of Review**

When reviewing a trial court's ruling on a motion for speedy trial, this Court uses a bifurcated standard of review. *Cantu v. State,* No. PD-1176-07, 2008 WL 1958983, at *4 (Tex.Crim.App. May 7, 2008) (citing *Zamorano v. State,* 84 S.W.3d 643, 648 (Tex.Crim.App. 2002)). This Court applies an abuse of discretion standard for factual components and a *de novo* standard for the legal components. *Cantu*, 2008 WL 1958983, at *4. Those standards are well established and a detailed recitation of those standards need not be repeated here. It is sufficient to note that the trial court's ruling will be affirmed only if it is supported by the record and is correct under the applicable law. *Shaw v. State,* 117 S.W.3d 883, 889 (Tex.Crim.App. 2003).

3

## II. Timeliness of the Motion and Lack of Notice

By its first argument, the State maintains that it did not receive proper notice of Appellee's motion to dismiss for delay because article 27.10 of the Texas Code of Criminal Procedure mandates that all motions to set aside an information be in writing, and Appellee's motion was orally made. Secondly, the State maintains that the motion was untimely because it was never raised until after the trial had started in violation of section 2 of article 28.01 which requires that matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown. However, these arguments were never presented to the trial court and no objection was ever made. Therefore, the State waived those objections. Tex. R. App. P. 33.1(a). Martinez v. State, 91 S.W.3d 331, 335-36 (Tex.Crim.App. 2002).

## III. Unsupported by the Facts and the Applicable Law

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. *Barker v. Wingo,* 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This right is applicable to state criminal prosecutions by virtue of the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In addition, Article I, § 10 of the Texas Constitution guarantees the accused the right to a speedy and public trial in all criminal prosecutions. Tex. Const. art. I, § 10; *Hull v. State,* 699 S.W.2d 220, 221 (Tex.Crim.App. 1985).

4

Supreme Court precedent dictates that the trial court should analyze a speedy trial claim "on an *ad hoc* basis" by weighing and then balancing the four *Barker v. Wingo* factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused. *Cantu,* 2008 WL 1958983, at *3. While review of the individual *Barker* factors necessarily involves both fact determinations and legal conclusions, "[t]he balancing tests as a whole . . . is a purely legal question." *Zamorano,* 84 S.W.3d at 648, n.19.

After a balancing of the *Barker* factors, dismissal of the charging instrument is mandated only upon a finding that the accused's actual and asserted interest in a speedy trial has been violated and that the accused has been prejudiced by that violation. *Cantu,* 2008 WL 1958983, at *3. Because the trial court granted Appellee's motion, we presume that the trial judge resolved any disputed fact issues in Appellee's favor, and we defer to the implied findings of fact that the record supports. *Cantu,* 2008 WL 1958983, at *5.

## A.    Length of the Delay

The first *Barker* factor, the length of the delay, is measured from the time the accused is arrested or formally charged until the time the accused asserts his right to a speedy trial. *United States v. Marion,* 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The record in this case does not establish when Appellee was arrested; however, it does support an implied finding that he was arrested on or near the date of the alleged offense, August 15, 2005. Furthermore, the record clearly supports a finding that Appellee

was in custody on February 11, 2006, when he made bond. Considering the fact that charges were not formally filed until May 25, 2007, there was a delay of not less than 15 months from the time of arrest until the presentment of formal charges; and, considering the fact that Appellee's motion for dismissal was made on November 29, 2007, there was an undisputed delay of not less than 21 months from the time of arrest until the date Appellee asserted his right to a speedy trial.

Analysis of the remaining *Barker* factors is triggered by a delay that is unreasonable enough to be "presumptively prejudicial." *Doggett v. United States,* 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). There is no set time element that triggers the analysis, however, a seventeen-month delay has been held to be sufficient to warrant a full analysis of the *Barker* factors. *Phillips v. State,* 650 S.W.2d 396, 399 (Tex.Crim.App. 1983). Under the facts of this case, we cannot say that the trial court abused its discretion in determining that the delay was presumptively prejudicial, thereby resolving the delay factor in favor of Appellee and warranting analysis of the three remaining *Barker* factors.

**B.     Reason for the Delay**

Once the trial court determines that a delay was presumptively prejudicial, the burden shifts to the State to justify the delay. *Turner v. State,* 545 S.W.2d 133, 137-38 (Tex.Crim.App. 1976). Under *Barker*, "different weights" should be attributed to this factor depending upon the different reasons for the delay. *Barker*, 407 U.S. at 531; *State v. Munoz,* 991 S.W.2d 818, 822 (Tex.Crim.App. 1999).

It is undisputed that the facts giving rise to the underlying information arose out of the same facts that gave rise to the offense of interfering with a 911 call, the offense to which Appellee entered a plea on October 4, 2006. More than any other factor, the delay in the prosecution of the underlying charge appears to have arisen from the State's failure to timely file the information until *after* the date of Appellee's prior plea. Under those circumstances, the trial court's resolution of this factor in favor of Appellee was not an abuse of discretion.

## C. Assertion of the Right

The third factor a reviewing court must consider in accordance with *Barker* is the accused's assertion of his right to a speedy trial. The accused has no duty to bring himself to trial; that is the State's duty. *Cantu*, 2008 WL 1958983, at *5. However, the failure of the accused to diligently seek a speedy trial will generally weaken his speedy trial claim. *Id.* In this case, Appellee did not assert his right to a speedy trial until after commencement of his trial. While this factor weighs heavily against Appellee, we note that no single factor is determinative because the Court must "engage in the difficult and sensitive balancing process" in each individual case. *Zamorano*, 84 S.W.3d at 648 (quoting *Barker*, 407 U.S. at 530).

7

**D.    Prejudice to the Accused**

In considering the fourth *Barker* factor, the court must consider whether the delay caused prejudice to the accused.  In this case, Appellee claims that his defense was impaired because if the case had been timely filed with the County Attorney's Office, the prosecution of this case would have been barred because a court would have taken the offense into account when, on October 4, 2006, Appellee was convicted of interfering with a 911 call, because that offense arose out of the same facts and involved the same complaining witness, Appellee's wife.  *See* § 12.45(d).

Impairment of a defense is considered to be the "most serious" way in which delay might prejudice an accused because the inability of a defendant to adequately prepare a defense places into question the fairness of the entire system.  *Barker,* 407 U.S. at 532. From the testimony given at the hearing on Appellee's motion to dismiss, it is clear that the complaining witness, Appellee's wife, believed that the facts giving rise to the present prosecution were going to be considered by the court at the October 4, 2006 hearing.  But for the delay in presenting the information, Appellee would have had an absolute defense pursuant to the provisions of § 12.45(c) of the Texas Penal Code.  Considering the trial court's earlier consideration of Appellee's plea in bar, it is not unreasonable to conclude that the trial court gave great emphasis to this factor.

8

## Conclusion

Having conducted a review of the four *Barker* factors, we believe the trial court's decision to grant Appellee's motion to dismiss for delay is supported by the record and the applicable law.  Accordingly, the State's point of error is overruled and the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.