**REVERSE and REMAND; and Opinion Filed August 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01569-CR

### THE STATE OF TEXAS, Appellant
### V.
### JOHN M. CHERRY, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F10-72386**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang[1]
Opinion by Justice O'Neill

The State appeals the trial court's order granting John M. Cherry's motion to dismiss for failing to provide a speedy trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (West Supp. 2013). In a single issue, the State contends the trial court erred in concluding, based on an incorrect application of the law, that Cherry's right to a speedy trial was violated. We agree. Accordingly, we reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

Cherry rented a house on Donnybrook Lane in Dallas. On June 4, 2010, Cherry's landlord, J. Hargrave, went to the residence to serve Cherry with eviction papers. When Cherry did not answer the door, Hargrave entered the residence and discovered several marijuana plants

---

[1] Although Justice Jim Moseley was on the original submission panel, he retired effective August 21, 2014. Justice Lang has reviewed the record and the briefs.

under "grow" lights. Hargrave contacted the police to report the "marijuana grow operation." Two officers responded. One of the officers entered the residence, saw the plants, and requested a search warrant. While awaiting the warrant, Cherry arrived at the location. He admitted the plants belonged to him. The officer arrested Cherry on outstanding warrants. The officers seized the suspected marijuana, weighed it, and had it tested by the Forensic Sciences at Dallas. On July 15, 2010, an arrest warrant was issued for Cherry for possession of marijuana in connection with the incident. Two-and-a-half years later, on January 16, 2013, appellant was arrested on the outstanding warrant and was released on bond the same day. The following month, the grand jury indicted Cherry on a charge of possession of marijuana in an amount of five pounds or less but more than four ounces; the indictment alleged an offense date of June 4, 2010.

The case was set for a first appearance on March 5, 2013. Over the next seven months, the case was reset nine times for various reasons, including twice so that Cherry could retain an attorney. On October 3, 2013, appellant filed a motion to dismiss the case for denial of a speedy trial. In his motion, Cherry complained about the two-and-a-half-year delay between the date of the offense (June 4, 2010) and the date charges were filed with the DA's office (January 31, 2013). The trial court heard the motion the same day.

At the hearing, Cherry's counsel asked the trial court to take judicial notice of the court's file and court computer system and that Cherry was "detained/arrested" on June 4, 2010 for possession of marijuana and the case was not filed until January 31, 2013. Cherry then testified briefly. He said he was detained by police a few blocks from his house in June 2010, not on a marijuana charge, but for "tickets." Cherry said the officer told him he would be charged with the marijuana case at a later date. Hours later, he gave a written statement. Cherry said that knowing he had a case "pending over [his] head," caused him "[m]ajor" stress.

On cross-examination, he testified that between 2010 and the day he was arrested, he was living with his uncle, first in Pleasant Grove and then in Arlington. He did not live at the residence where the marijuana was found. He also said he constantly checked by phone and on the computer to see if an arrest warrant issued, but he did not see one until about a week before his arrest. He said if he had seen a warrant, he would have turned himself in.

In argument, Cherry's counsel relied on the pre-arrest delay when analyzing the speedy trial factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). He argued the State provided no explanation for the delay in filing the case and that Cherry had been "harmed" by this "hanging over his head." The State asserted that speedy trial is not triggered until a person is formally charged or arrested, and because Cherry was not arrested until January 16, 2013, there was no unreasonable delay. Cherry responded that he was "at best" charged on June 4, 2010.

After hearing the evidence and argument, the trial court stated the following:

> The Court is aware of the necessary delays in the investigation of complex cases. There's also drug testing involving in a lot of cases, that requires a certain delay. But this is a marijuana case. There's not direct testing necessary in a case like that. The facts of the possession are pretty simple. Why it took so long is a mystery to the Court.

The court then granted the motion.

The right to a speedy trial is constitutionally guaranteed. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see Barker,* 407 U.S. at 515; *Hull v. State,* 699 S.W.2d 220, 221 (Tex. Crim. App. 1986). Appellate review of a trial court's decision to grant or deny a speedy trial claim is conducted de novo. *Johnson v. State,* 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).

In *United States v. Marion*, 404 U.S. 307, 321–22 (1971), the supreme court held that the Sixth Amendment right to a speedy trial does not apply to pre-arrest delay:

> Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend that reach of the amendment period to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on liberty and is not the subject of public accusation: his

–3–

situation does not compare with that of a defendant who had been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. [internal footnotes omitted]

Later, in *United States v. Lovasco*, the court reaffirmed that "as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such [pre-indictment delay] is wholly irrelevant, since our analysis of the language, history, and purpose of the Clause persuaded us that only a 'formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision." 431 U.S. 783, 788–89 (1977) (quoting *Marion*, 404 U.S. at 320); *MacDonald*, 456 U.S. 1, 7 (confirming that Sixth Amendment right to speedy trial does not apply to pre-arrest delay).

Here, the evidence is undisputed that Cherry was not arrested for this offense until January 2013. Nevertheless, in his motion and at the hearing, Cherry complained only about the delay between the date of the offense and the date charges were filed with the district attorney's office two-and-a-half years later. But, as noted previously, pre-arrest delay does not implicate the right to a speedy trial. As for his argument on appeal that the trial court could consider the motion concerning the delay from the time of his arrest until the time of the speedy trial hearing (eight months) and then could have considered the "pre-arrest/indictment delay" as a factor in evaluating the motion, we disagree for the same reason: pre-arrest/pre-indictment delay is irrelevant to a speedy trial analysis. We sustain the State's issue.

We reverse the trial court's order granting Cherry's motion and remand this cause to the trial court for further proceedings consistent with the opinion.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131569F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-01569-CR    V.

JOHN M. CHERRY, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F10-72386.
Opinion delivered by Justice O'Neill.
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the trial court's order granting appellant's motion to dismiss for speedy trial is **REVERSED** and the cause is **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 29th day of August, 2014.