COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



REFUGIO PADILLA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00093-CR



Appeal from the


41st District Court


of El Paso County, Texas


(TC#20040D04342)



O P I N I O N


 This is an appeal from a conviction for the offense of theft under $1,500, enhanced. 
Appellant pleaded guilty to the court, and the court assessed punishment at two years'
imprisonment. (1)

I. SUMMARY OF THE EVIDENCE


 On January 3, 2004, off-duty police officers observed Appellant shoplifting gloves. After
Appellant was arrested, he was released by the sheriff, purportedly due to injuries Appellant
sustained from the security officers at the store. Appellant was re-arrested on March 5, 2004. He
was indicted in this cause on September 1, 2004, nearly six months after the March arrest.

 On September 13, 2004, the court appointed attorney Mario Trillanes to represent Appellant. (2) 
On September 27, 2004, Trillanes filed a motion to withdraw, in which he stated that he and
Appellant were in fundamental and unalterable disagreement regarding the conduct of the defense
and the objectives that should be pursued. On September 29, 2004, Appellant filed a pro se motion
to dismiss for failure to provide a constitutional speedy trial, requesting that the charges against him
be dismissed and he be released from custody. On September 30, 2004, the court signed an order
allowing Trillanes to withdraw from the case.

 On October 6, 2004, the court appointed Clara Hernandez, El Paso County Public Defender,
to represent Appellant. Notwithstanding the fact that Appellant was represented by counsel, he filed
a pro se motion to quash the indictment. On January 4, 2005, the State provided attorney Elizabeth
Sanchez of the Public Defender's Officer a notice of extraneous offenses and a list of potential
witnesses in preparation for trial. On January 7 and 14, 2005, the State issued subpoenae. On
January 13, 2005, Sanchez filed a motion to withdraw from her representation of Appellant. She
stated in the motion that Appellant had refused to speak with her when she went to the jail to see
him. Sanchez's motion reflected that a pretrial hearing was set for January 15, 2005, and a trial was
set for January 25, 2005. Appellant asserted in a pro se motion filed with the court that Sanchez had
refused to file motions which Appellant had presented to her and that she had advised him to accept
a plea bargain of two years.

 On January 20, 2005, the court allowed Sanchez to withdraw and substituted Dereck Wyatt
to represent Appellant. The judge noted on that order that a suppression hearing set for January 14,
2005, was not held and that Sanchez was the second attorney that Appellant did "not want." On May
23, Wyatt filed a motion for continuance in which he stated that Appellant's case was set for a plea
that same day and that Wyatt was scheduled for hearings in juvenile court that day. On July 1, 2005,
Wyatt filed a motion for a speedy trial requesting an immediate trial setting.

 On July 6, 2005, Appellant filed a pro se motion for rehearing of his petition for a writ of
mandamus, in which he complained of the representation provided by his first two attorneys. On
January 6, 2006, the State issued subpoenae in preparation for trial. On March 13, 2006, Wyatt filed
a request to plead guilty, pursuant to a plea bargain. Appellant pleaded guilty on March 13, 2006
and punishment was assessed at two years' imprisonment to run concurrently with his other pending
cases. Appellant was given 738 days of jail-time credit.

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred in failing to dismiss the
case for lack of a speedy trial. Specifically, Appellant calculates the delay to be over two years and
two months, and he asserts that such delay denied him a speedy trial in contravention of the federal
and state constitutions. The right to a speedy trial is guaranteed by the federal and Texas
constitutions. See U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; Klopfer v. North
Carolina, 386 U.S. 213, 223-24, 87 S. Ct. 988, 993-94 (1967); Hull v. State, 699 S.W.2d 220, 221
(Tex. Crim. App. 1985). On review, we balance four factors when analyzing the trial court's
decision to grant or deny a speedy trial claim: (1) the length of the delay; (2) the reason for the delay;
(3) the defendant's assertion of his right; and (4) any prejudice that results to the defendant. Barker
v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972); Emery v. State, 881 S.W.2d 702, 708
(Tex. Crim. App. 1994), cert. denied, 513 U.S. 1192, 115 S. Ct. 1257 (1995). No single factor is a
necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Barker,
407 U.S. at 533, 92 S. Ct. at 2193. Instead, the factors are related and must be considered together,
along with such other circumstances as may be relevant. Id.; Palacios v. State, 225 S.W.3d 162,
166-67 (Tex. App.--El Paso 2005, pet. ref'd).

 We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex. Crim. App. 2002). This means that we independently weigh and balance the Barker
factors, but we engage in the presumption that the trial court resolved any disputed fact issues in a
manner that supports its ruling. See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App.
1999). Stated in another manner, we review legal issues de novo, but give deference to a trial court's
resolution of factual issues, including deference to the trial court's drawing of reasonable inferences
from the facts. Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); Palacios, 225 S.W.3d
at 167.

A. Length of the Delay


 Regarding the first factor in the Barker analysis, the length of delay is measured from the
time the defendant is arrested or formally accused. United States v. Marion, 404 U.S. 307, 313, 92
S. Ct. 455, 459 (1971). The length of the delay is, to some extent, a triggering mechanism, so that
a speedy trial claim will not be heard until passage of a period of time that is prima facie
unreasonable under the circumstances. Doggett v. United States, 505 U.S. 647, 651-52, 112 S. Ct.
2686, 2690-91 (1992); Barker, 407 U.S. at 530, 92 S. Ct. at 2192. "If the accused makes this
showing, the court must then consider, as one factor among several, the extent to which the delay
stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett,
505 U.S. at 652, 112 S. Ct. at 2691. The presumption that pretrial delay has prejudiced the accused
intensifies over time, so that the longer the delay beyond that which is ordinary, the more prejudicial
that delay is to the defendant. Zamorano, 84 S.W.3d at 649. In general, delay approaching one year
is sufficient to trigger a speedy trial inquiry. Doggett, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1;
Dragoo v. State, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

 In the instant case, Appellant was arrested on March 5, 2004, and was indicted on September
1, 2004. Clearly, the length of delay was well beyond that required to trigger an inquiry, (3) and this
factor is weighed heavily against the State. See Zamorano, 84 S.W.3d at 649.

B. Reason for the Delay


 The next Barker factor is the reason for the delay. The State has the initial burden of
justifying a lengthy delay. Emery, 881 S.W.2d at 708; Lott v. State, 951 S.W.2d 489, 493 (Tex.
App.--El Paso 1997, pet. ref'd). In examining the reasons for the delay, we accord different weights
to various reasons. Barker, 407 U.S. at 531, 92 S. Ct. at 2192; Emery, 881 S.W.2d at 708. A
deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against
the State. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Conversely, valid reasons are not weighed
against the State at all. Barker, 407 U.S. at 531, 92 S. Ct. at 2192. Further, delay that is attributable
in whole or in part to the defendant may constitute a waiver of the speedy trial claim. Munoz, 991
S.W.2d at 822. When the record is silent as to the reason for the delay, we may presume neither a
valid reason nor a deliberate attempt to prejudice the defense. Dragoo, 96 S.W.3d at 314. If an
accused's own actions constitute the majority of the reason for the delay in trial, this factor weighs
against his speedy trial claim. See Love v. State, 909 S.W.2d 930, 947 (Tex. App.--El Paso 1995,
pet. ref'd).

 In the instant case, it appears that a substantial part of the delay is attributable to Appellant's
conflicts and disagreements with his appointed attorneys. It appears that a trial date was set on two
occasions, and, on each occasion, the attorneys sought and obtained leave to withdraw, due to
conflict with Appellant. Appellant continued to file pro se motions after the appointment of each
of the three attorneys. It is clear that the reasons for the delays incurred in his case's coming to trial
are attributable in large measure to Appellant's actions, and we weigh this factor significantly against
him.

C. Assertion of the Right


 The third factor that a trial court must consider is the defendant's assertion of his right to a
speedy trial. Munoz, 991 S.W.2d at 825. A defendant is responsible for asserting or demanding his
right to a speedy trial. Id. A lengthy delay or a lack of persistence in asserting the right attenuates
a speedy trial claim. Russell v. State, 90 S.W.3d 865, 873 (Tex. App.--San Antonio 2002, pet. ref'd). 
Similarly, a defendant's request for dismissal, rather than for a prompt trial setting, may attenuate
the strength of his speedy trial complaint. Palacios, 225 S.W.3d at 168. A defendant's failure to
assert his right to a speedy trial is not necessarily dispositive of his claim. Munoz, 991 S.W.2d at
825. Instead, a defendant's failure to assert his right is weighed and balanced with the other Barker
factors, although it makes it more difficult for him to prove that he was denied a speedy trial. Id.

 The first motion that requested a dismissal of the indictment on speedy trial grounds was filed
on September 29, 2004, six months and twenty-four days after his arrest on March 5, 2004. In that
motion, Appellant requested dismissal, rather that a speedy trial setting. On October 25, 2004, he
filed a pro se motion to quash the indictment, seeking a dismissal. (4) On July 1, 2005, attorney Wyatt
filed a motion for speedy trial, requesting a trial setting, after he had requested a continuance from
a prior plea hearing. We find that this factor should be weighed against Appellant.

D. Prejudice Resulting from Delay


 The final factor we must analyze regards what prejudice Appellant suffered as a result of the
delay. In some cases, the delay may be so excessive as to be presumptively prejudicial. Guajardo
v. State, 999 S.W.2d 566, 570 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Yet even where
the delay is presumptively prejudicial, the defendant must nevertheless show that he has been
prejudiced. Id. A showing of actual prejudice is not required; however, a defendant must make a
prima facie showing of prejudice which was caused by the delay of the trial. Munoz, 991 S.W.2d
at 826. Once the defendant has made such a showing, the burden shifts to the State. Guajardo, 999
S.W.2d at 570-71. However, the presumption of prejudice is diminished by the defendant's
acquiescence in the delay. Barker, 407 U.S. at 534-36, 92 S. Ct. at 2194-95; Doggett, 505 U.S. at
658, 112 S. Ct. at 2694; Dragoo, 96 S.W.3d at 315.

 The prejudice to the defendant is assessed in the light of the interests which the speedy trial
right is designed to protect, to wit, preventing oppressive pretrial incarceration, minimizing the
anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. 
Munoz, 991 S.W.2d at 826. Of these interests, the third is the most important, because the inability
of a defendant adequately to prepare his case skews the fairness of the entire system. Barker, 407
U.S. at 532, 92 S. Ct. at 2193; Doggett, 505 U.S. at 654, 112 S. Ct. at 2692; Dragoo, 96 S.W.3d at
315.

 With regard to preventing oppressive pretrial incarceration, Appellant was arrested on
March 5, 2004, and he pleaded guilty on March 13, 2006. As his pretrial incarceration lasted over
two years, there is a prima facie showing of oppressive pretrial incarceration. See Munoz, 991
S.W.2d at 828.

 The second consideration, minimizing the defendant's pretrial anxiety and concern, is not
addressed specifically in Appellant's brief; rather, he makes a general reference to his pro se
motions, asserting that they are replete with references to his anxiety and concern about losing
favorable witnesses. However, when the defendant's claim of prejudice is based upon the
unavailability of a witness, the defendant must show (1) that the witness was unavailable when he
was tried, (2) that his testimony may have been relevant and material to his defense, and (3) that he
exercised due diligence in locating the witness. McCarty v. State, 498 S.W.2d 212, 218 (Tex. Crim.
App. 1973); Clarke v. State, 928 S.W.2d 709, 716 (Tex. App.--Fort Worth 1996, pet. ref'd). 
Appellant has failed to demonstrate these factors.

 Regarding the last and most important consideration, the impairment of his defense,
Appellant does not offer any indication of how his defense was impaired, other than to make
generalized, conclusory claims about losing (unidentified) witnesses or about witnesses' losing their
memory. This is inadequate to show prejudice with regard to impairment of his defense. Clarke,
928 S.W.2d at 716.

 On balance, we find that Appellant has not established that he was prejudiced by the delay. 
To the extent that he established a presumption of prejudice, the presumption is diminished by his 
lack of cooperation with his successive attorneys, and this factor weighs against Appellant.

 Therefore, balancing the Barker factors, we conclude that defendant's right to a speedy trial
was not violated. Appellant's sole issue is overruled.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


August 30, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. In a joint hearing, Appellant also pleaded guilty in two companion cases. In case no. 08-06-00091-CR,
Appellant pleaded guilty to the offense of theft under $1,500, enhanced, and the court assessed punishment at two years'
imprisonment. In case no. 08-06-00092-CR, Appellant pleaded guilty to the offense of burglary of a building, and the
court assessed punishment at two years' imprisonment. All three sentences were to run concurrently.
2. Trillanes had previously been appointed to represent Appellant in the two companion cases.
3. In its Brief, the State "concedes that the length of delay . . . between the date of arrest, as shown in court
records, and the date of trial triggers consideration of the remaining three Barker factors." 
4. The trial court was not required to consider pro se pretrial motions which Appellant filed while he was
represented by counsel. Meyer v. State, 27 S.W.3d 644, 648 (Tex. App.--Waco 2000, pet. ref'd). This Court was
likewise not required to consider pro se petitions for a writ of mandamus which he filed while represented by counsel. 
See Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106, 116 S. Ct. 1323 (1996);
Gray v. Shipley, 877 S.W.2d 806 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding); see also In re Flores, 2007
WL 1098288 (Tex. App.--El Paso Apr. 12, 2007, orig. proceeding) (mem. op., not designated for publication).